**COCKE v. CHURCH et al.** (No. 8303.)

Court of Civil Appeals of Texas. San Antonio. Dec. 21, 1929.

Rehearing Denied Jan. 29, 1930.

Emmett B. Cocke and R. B. Russell, both of San Antonio, for appellant.

Jackson & Crawford, Geo. C. Herman, and M. L. Harkey, all of Crystal City, for appellees.

COBBS, J. Appellees sued appellant in the district court of Zavala county in trespass to try title to, and to recover, certain described lands and to remove cloud from title. The court appointed ———, an attorney, to represent the nonresident defendants, who appeared and answered for them. Appellant filed demurrers and plea of not guilty, and pleaded limitations of two, three, four, and ten years.

The case was tried by the court, without a jury, who denied any relief to J. P. Forrest, one of the plaintiffs below, and rendered judgment in favor of appellee A. K. Church, one of the plaintiffs below, as against Emmett B. Cocke, and all other defendants. The defendant Cocke has appealed. We do not think that appellee has shown satisfactory title back to the common source, but that does not become the sole question, and it is not necessary to be passed upon or discussed. We believe the appellant's defense of limitation title has been fully established.

By agreement, the title through Forrest was the common source. On February 8, 1911, Forrest conveyed the land to J. N. Stone, for the recited consideration of $2,805 cash and a vendor's lien note for $8,415 due in three years, with interest payable annually, and providing that failure to pay any annual interest installment would mature the note, and the deed specifically retained a vendor's lien to secure the payment of the note.

By written transfer Forrest conveyed the said vendor's lien note, on the 21st of March, 1911, which was filed for record March 23, 1911, together with the superior title in the land to Mary A. Barker. Mary A. Barker, joined by her husband, on the 29th day of June, 1912, conveyed the same note and the superior title to the land for which it was given to Alfred Long. The assignment and conveyance of the note by Forrest to Barker, and Barker to Long, and Long to Cocke, passed the title to the land to appellant, Cocke, subject to the payment of the said $8,415 note.

As shown, the note matured three years after February 8, 1911, which would be in February, 1914, and, unless renewed, which it was not, became itself barred by the statute of limitation of four years. There was no plea or evidence offered to extend the payment of the note in any respect beyond the time of its maturity. So, then, as we look at it, the legal title passed to appellant by the transfer, and all that appellee had remaining was the equitable or so-called legal right to sue upon and foreclose the reserved lien. The lien was clearly barred and unenforceable after the four-year period from the time the note matured.

It was shown that appellant, through his agent and attorney, in 1912, took possession and control of said property, and has held it adversely ever since.

It is our opinion in this case the three-year statute of limitation is available. Articles 5507 and 5508 (Rev. St.). Clearly the deeds passing the legal title, subject only to the grantor's right to enforce a superior lien, which became barred in four years, if it does not at least pass the legal title effective after the bar, establishes color of title, against which a suit to recover the land must be started within 3 years after the cause of action accrued.

If the three-year statute of limitation is not sufficient to bar the action, then the four-year statute (Rev. St. 1925, art. 5527), having barred the recovery on the note, leaves the plaintiff with no legal title to the land.

It is strongly contended that the ten-year statute of limitation is available, but, from the view we take of the record, we need not stop to pass upon that issue.

For the reasons stated, we think the court erred in its judgment, and the judgment is here reversed and rendered that appellee take nothing by his suit, and that appellant have title to the land.

SMITH, J. (concurring on motion for rehearing). The decision, as arrived at in the original opinion, is made to rest in part upon the assumption that appellee Church is the holder of the vendor's lien note, and was claiming title thereunder. It is held in the opinion that the note was barred, and that bar seems to be used to cut off Church, assumed in the opinion to be the holder of the barred note.

The record shows, however, that appellant, Cocke, and not appellee Church, is the holder of the note, and, if the bar against the note is held to operate against either party, it must be against Cocke, and not against Church, since it is the former, and not the latter, who is relying upon nonpayment of the note to support his title. It is clear, then, that reversal cannot rest upon the assumption that Church held and relied upon the barred note, since that assumption is erroneous; nor can reversal rest upon conclusions based upon that erroneous premise.

The record shows that Cocke had taken possession under the superior title reserved by his predecessor to secure the payment of the balance owing upon the purchase price, as evidenced by the vendor's lien note, which, although long since barred, has never been paid. And, while both the note and lien held by Cocke were barred, and he was thereby cut off from bringing suit to recover upon the note or to enforce his lien, yet he could not be ousted of his title and possession at the suit of the holder of the legal title, so long as the purchase price remained unpaid.

Bunn v. City of Laredo (Tex. Com. App.) 245 S. W. 426, 427. Upon this theory I concur in the result.