A. K. Church v. Emmett B. Cocke.

No. 5715. Decided April 1, 1931.
(37 S. W., 2d Series, 723.)

*Geo. C. Herman, Jackson & Crawford* and *Grover C. Morris,* for appellant.

*Emmett B. Cocke,* for appellee.

Mr. Commissioner CRITZ delivered the opinion of the court.

The facts of this case show that one J. P. Forrest is the common source of title by which plaintiff in error and defendant in error claim title to this tract of 561 acres of land in Zavalla county, Texas. Forrest conveyed the land to one J. N. Stone for a recited cash consideration of $2,805 and a vendor's lien note for $8,415. A. K. Church claims the land as the owner by mense conveyances from Stone. Cocke is the owner and is in possession. Church attempts to recover the title and possession of the original vendor's lien note. Also Cocke holds the superior title, and is in possession. Church attempts to recover the title and possession of the land from Cocke but makes no tender of payment of the note, and pleads limitation thereto.

The law is well settled in this state that a subvendee, not in possession of land, will not be permitted to recover the same in an action of trespass to try title against the original vendor or anyone claiming under him in possession, without paying or offering to pay the unpaid purchase money. James G. Barker et al. v. Temple Lumber Co. et al., 120 Texas, 244, 37 S. W. (2d) 721, this day decided by the Supreme Court. This holding is in harmony with the concurring opinion of Judge Smith in the Court of Civil Appeals. 23 S. W. (2d) 743.

There is another reason why Church cannot recover in this suit. There is a missing link in his chain of title. The only evidence of any probative force in the record which tends to supply this link, is the notary record of a notary public of Bexar county, Texas, by the name of John L. Strohm. This record shows that on March 20, 1912, C. T. Gregory of New York acknowledged a deed to Joe Kerby which conveyed 561 acres of land in Zavalla county, Texas, on the same survey as the land here involved. If it be admitted that this notary record is evidence of sufficient probative force to prove that Gregory executed and acknowledged a deed to Kerby, which, according to its terms, conveyed this land, still one absolute prerequisite to supplying this missing

· link, and connecting the chain would be lacking, in this; there is no evidence that the deed was ever delivered, and proof of execution does not, standing alone, establish delivery. Mayfield v. Robinson, 22 Texas Civ. App., 385, 55 S. W., 399 (Writ refused).

The judgment of the Court of Civil Appeals should be affirmed.

The foregoing opinion is adopted as the opinion of the Supreme Court, and judgment will be entered in accordance therewith.

C. M. CURETON, Chief Justice.