## ÆTNA LIFE INS. CO. v. FOSTER et ux.
### No. 4428.

Court of Civil Appeals of Texas. Texarkana.

Nov. 29, 1933.

Rehearing Denied Dec. 21, 1933.

McKinney & Berry, of Cooper, and Golden & Croley, of Dallas, for appellants.

A. P. Dohoney, of Paris, for appellees.

SELLERS, Justice.

This suit was brought by H. D. Foster against Ætna Life Insurance Company to restrain said insurance company from foreclosing a certain deed of trust given by H. D. Foster to said company to secure the payment of a note for the sum of $2,500, on the ground that the contract as evidenced by the note and deed of trust were usurious. The original petition of H. D. Foster upon which he went to trial is as follows:

"For cause of action plaintiff alleges that he is the owner in fee simple title of:

"All that certain lot, tract and parcel of land, lying and being situated in the County of Delta, State of Texas, being a part of the Benjamine Simmons Survey, Abstract No. 306, and more particularly described as being Lot No. 5 of the partition among the heirs of W. L. Foster, containing Forty-Six and One Tenth (46.1) acres of land and being bounded as follows: (Here follows description).

"That heretofore, to-wit, on March 18, 1922, plaintiff joined by his wife, Janie Foster, executed and delivered to Harry Lee Taft as Trustee, a deed of trust on said land for the purpose of securing defendant, Ætna Life Insurance Company in the payment of a note for $2500.00 of that date due and payable on March 21, 1932. That said note stipulated for interest at the rate of 8 per cent per annum payable annually and evidenced by ten coupon interest notes each for the sum

of $200.00, all of said notes for both principal and interest providing for interest at the rate of 10 per cent per annum after maturity. That by the terms of said deed of trust, plaintiff was also bound to pay any taxes that might be levied and assessed on said notes against the holder thereof by the State of Texas or Delta County. That the annual levy by the State and County on all real estate and personal property during the years since the execution of said deed of trust has amounted to the sum of $2.50 per hundred.

"That said deed of trust further provided as follows:

" 'On the breach of any of the aforesaid covenants or agreements or the passage by the State of a law imposing upon the grantee or his successors or the holder of said notes the whole or any portion of said taxes or assessments; or upon the rendering by any court of competent jurisdiction of a decision that the undertaking by the grantors to pay such taxes or assessments is legally inoperative, the whole of the indebtedness secured hereby shall, at the option of the legal holder thereof, become immediately due and collectible, anything contained in this trust deed or any law hereafter enacted to the contrary notwithstanding, and with interest thereon from the date of such maturity at the rate of 10% per annum, shall be recoverable by foreclosure hereof.'

"Plaintiff further alleges that by reason of the provisions in said notes and deed of trust said contract was and is usurious and that defendant, Ætna Life Insurance Company was thereby authorized and empowered to exact of this plaintiff sums for the use of the money loaned in an amount greatly in excess of 10 per cent per annum.

"Plaintiff further alleges that he paid annually to defendant Ætna Life Insurance Company the sum of $200.00 for each year since March 18, 1922, except the year ending March 18, 1932; that is he has made nine of said annual payments amounting to the sum of $1800.00.

"That at the instance and request of defendant, Ætna Life Insurance Company, defendant, J. R. Golden, purporting to act as substitute trustee has advertised plaintiff's land for sale by posting written notices, such sale to be had at Cooper on the First Tuesday in September, 1932, which will be the 6th day of said month, and if not restrained by writ of injunction will attempt to sell plaintiff's said land and thereby further cloud plaintiffs' title thereto. Plaintiff hereby offers to do equity by tendering and paying to the defendant, Ætna Life Insurance Company any balance that may remain unpaid after applying all payments made to the principal indebtedness.

"Wherefore, plaintiff prays for a temporary injunction restraining, the defendants and each of them from selling plaintiff's land during the pendency of this suit, and that on final trial hereof said injunction be made permanent and that the amounts paid by plaintiff to the defendant Ætna Life Insurance Company be applied to and credited upon the principal note for $2500.00, that said deed of trust be held void, set aside and held for naught on account of the aforesaid usurious provisions contained in said deed of trust and notes, and he prays for costs of suit and for general and special relief to which he may be entitled at law or in equity."

Ætna Life Insurance Company's answer contained a general demurrer, general denial, and by way of cross action against Foster sought judgment for its debt as evidenced by the note for $2,500 with interest for one year at the rate of 7 per cent. per annum as evidenced by a coupon note for $175 which was attached to the original note, and also sought judgment for a reasonable attorney's fee which was alleged to be $250.

H. D. Foster in a supplemental petition, among other matters not necessary to mention, further alleged:

"And if required to further reply to said cross bill plaintiffs allege that at the time of the execution of the note and deed of trust in controversy they also executed interest notes, or notes obligating them to pay the sum of $200.00 per annum for the use of said money. That plaintiffs are unable to state the details as to the number and amount of said notes, but that defendant is in possession of said notes or full knowledge of the provisions thereof, and that the same called for the payment of $200.00 per annum. That there was no other consideration for the payment of said sum of $200.00 per annum than for the use of the principal sum borrowed, to-wit: $2500.00. That all of said notes for both principal and interest provided for interest after maturity at the rate of ten per cent per annum.

"That by the terms of said deed of trust, plaintiffs were also bound to pay any taxes that might be levied and assessed on said notes and deed of trust against the holder thereof by the State of Texas or Delta County. That the annual levy by the State and County on all real estate and personal property during the years since the execution of said deed of trust has amounted to the sum of $2.50 per hundred.

"That said deed of trust further provided as follows: 'On the breach of any of the aforesaid covenants or agreements, or the passage by the State of a law imposing upon the grantee or his successors or the holder of said notes the whole or any portion of said taxes or assignments; or upon the rendering by any court of competent jurisdiction of a decision that the undertaking by the grantors to pay such taxes or assessments is legally inoperative, the whole of the indebtedness secured hereby shall, at the option of the legal holder thereof, become immediately due and collectible, anything contained in this trust

deed or any law hereafter enacted to the contrary notwithstanding, and with interest thereon from the date of such maturity at the rate of 10% per annum, shall be recoverable by foreclosure hereof.'

"Plaintiffs further allege that by reason of the provisions in said notes and deed of trust said contract was and is usurious and that defendant, Ætna Life Insurance Company was thereby authorized and empowered to exact of this plaintiff sums for the use of the money loaned in an amount greatly in excess of 10 per cent per annum.

"Plaintiff, H. D. Foster, further alleges that he paid annually to defendant, Ætna Life Insurance Company the sum of $200.00 for each year since March 18, 1922, except the year ending March 18, 1932; that is, he has made nine of said annual payments amounting to the sum of $1800.00. Wherefore these plaintiffs say that by reason of the usurious provisions in the notes and deed of trust in controversy they are entitled to have all of the aforesaid payments credited on the principal note; and they hereby offer to do equity by tendering and paying to the defendant, Ætna Life Insurance Company, the sum of $700.00, or any other amount that may make up the balance due on the principal note after applying the aforesaid payments thereto.

"Wherefore, plaintiffs pray as in the original petition of plaintiff, H. D. Foster; that the deed of trust in controversy be held void on account of usury and set aside and held for naught; that all payments made by plaintiff, H. D. Foster, as hereinbefore alleged be applied to and credited upon the principal note for $2500.00, and they pray for costs of suit and for general and special relief to which they may be entitled at law or in equity."

The original note was introduced in evidence, and is as follows:

"$2500.00        Dallas, Tex., March 18, 1922.

"On the 1st day of January 1922, I promise to pay to the order of the Ætna Life Insurance Company of Hartford, Conn., Twenty-Five Hundred and No/100 Dollars at its office in the city of Hartford, Conn., with interest from March 21, 1922, payable annually, at the rate of seven per cent per annum, until due, and 10 per cent after due.

"Interest notes are hereto attached, and the payment of both principal and interest is secured by a Trust Deed made by H. D. Foster and wife, Janie Foster to Harry Lee Taft, Trustee, conveying Real Estate in Delta County, Texas.

"[Signed]    H. D. Foster
her
"Janie X Foster
mark

"Wit.: H. W. Miller."

Interest note:

"$175.00                Ætna No. 107651.

"On the 1st day of Jan. 1932, due to the order of the Ætna Life Insurance Company at its office in Hartford, Conn. One Hundred Seventy Five & No/100 Dollars. with interest at 10 per cent per annum after due.

"This coupon evidences interest on the attached principal note and is subject to the terms thereof.

"[Signed]    H. D. Foster
her
"No. 50272.              Janie X Foster
mark"

Upon the trial the court permitted H. D. Foster to introduce in evidence over the objection of the insurance company what appears to be a second deed of trust and which the evidence shows was executed at the same time the note and original deed of trust sued upon were executed. At the conclusion of the evidence the court entered the following judgment:

"On this day the above styled and numbered cause coming on for trial came the parties by their attorneys and announced ready for trial, and no jury having been demanded, the matters in controversy, as well of fact as of law, were submitted to the Court. And the Court having heard the pleading and evidence and argument of counsel, is of the opinion that the law is with the plaintiff. It is therefore ordered, adjudged and decreed by the Court that the temporary injunction issued in this cause on the ——— day of September, 1932, restraining the defendants, Ætna Life Insurance Company and J. R. Golden from selling the land described in plaintiff's petition at trustee's sale during the pendency of this suit, be and the same is hereby in all things perpetuated and made permanent and final; and said defendants Ætna Life Insurance Company, its agents, attorneys and representatives and J. R. Golden, named as trustee in the deed of trust hereinafter referred to are hereby perpetually restrained and enjoined from selling or attempting to sell Plaintiff's said land under the provisions of said deed of trust, which said land is described as follows, to-wit: (Here follows description.)

"And the defendant, Ætna Life Insurance Company, having filed a cross bill herein against plaintiff, H. D. Foster and his wife, Janie Foster, seeking recovery on a principal note in the sum of $2500.00 and an interest note in the sum of $175.00 and for foreclosure of deed of trust lien on the above described property, and plaintiff, H. D. Foster and wife, Janie Foster, having replied to said cross action by supplemental petition; and it appearing to the Court that on March 18, 1922, H. D. Foster borrowed the sum of $2500.00 from defendant Ætna Life Insurance Company, agreeing to pay therefor interest at the rate of 8 per cent per annum, that 7 per cent interest was made payable to said Ætna Life Insurance Company by ten annual interest coupons in the sum of $175.00 each, and that

the balance of said interest was included in ten notes for $25.00 each, payable annually to Pearsons & Taft and secured by second deed of trust lien on above described land; and that said deed of trust among other things contained a covenant on the part of grantors to pay said notes and interest thereon as in said deed of trust and notes provided; and the further provision that on the breach of any of the covenants or agreements contained in said deed of trust the whole of the indebtedness secured thereby should at the option of the legal holder thereof become immediately due with interest thereon from the date of such maturity at the rate of 10 per cent per annum; the Court finds and holds that said notes and deeds of trust are usurious in that upon the contingencies mentioned the holder of the note was authorized to exact a higher rate of interest than 10 per cent per annum for the use of the money loaned. And it appearing to the Court that plaintiff, H. D. Foster has made nine annual payments on said indebtedness in the sum of $200.00 each, making a total of $1800.00. It is ordered, that said payments in the total amount of $1800.00 be and they are hereby applied to the principal indebtedness of $2500.00, leaving a balance due on principal by plaintiff in the sum of $700.00. And plaintiff, H. D. Foster, having tendered into the court for the use of Ætna Life Insurance Company said sum of $700.00, it is further ordered, adjudged and decreed by the Court that defendant, Ætna Life Insurance Company take nothing by reason of its said cross action, and that the lien of said deed of trust be and the same is hereby in all things cancelled, set aside and held for naught.

"It is further ordered, adjudged and decreed by the Court that plaintiff H. D. Foster and wife, Janie Foster, do have and recover of and from the defendants, Ætna Life Insurance Company and J. R. Golden, all costs by them in this behalf expended for which execution may issue. It is further ordered that execution may issue for the use of the officers of the court against the parties for the costs respectively incurred by each.

"The court further finds that if defendant, Ætna Life Insurance Company, should be entitled to recover on the notes sued on and by any cross action, a reasonable attorney's fee would be the sum of $200.00, but holds that said Company is not entitled to recover attorney's fees in this case. To which judgment and decree, defendant, Ætna Life Insurance Company excepts, and in open court gives notice of appeal to the Court of Civil Appeals for the Sixth Supreme Judicial District of Texas. For sufficient reasons shown it is ordered that the parties may have the statutory time within which to file statement of facts and bills of exceptions."

From this judgment the Ætna Life Insurance Company has duly prosecuted this appeal.

■■ As appears from the judgment, the court in determining that the contract was usurious took into consideration the second deed of trust, which was introduced in evidence over the objection by appellant that there was no pleadings authorizing its introduction. This action on the part of the court, we think, was error. It is well settled in this state that usury must be specifically pleaded. The pleadings of appellee do not in any way make the second deed of trust a part of the usurious contract alleged, and for this reason its introduction in evidence and consideration by the court as constituting part of the usurious contract was unauthorized. Shipman et al. v. Wright (Tex. Civ. App.) 3 S.W.(2d) 519.

■■ Appellees' plea of usury, as alleged, is based upon a deed of trust, the material provisions of which are set out in the pleadings of appellees, the principal note of $2,500, and the interest coupon notes attached thereto. The note introduced in evidence bears interest at the rate of 7 per cent. per annum. If it should be conceded that appellees were required to pay taxes on the $2,500 note at the rate of $2.50 per hundred valuation, as alleged (which clause of the deed of trust we deem it unnecessary to construe), still no usurious contract would be shown. The greatest amount which the appellees could have been forced to pay for the use of the $2,500 for any one year would have been only $175 interest and $62.50 taxes on the note, or a total of $237.50; whereas the appellant would have been authorized to exact of appellees the highest legal rate allowed by law of 10 per cent. per annum, or $250 per year, for the use of the $2,500, and still not be guilty of charging a usurious rate of interest. It follows, then, that the contract alleged is not usurious unless it is by force of the accelerating clause contained in the deed of trust. We are of the opinion that the phrase, "The whole of the indebtedness secured hereby," as contained in the accelerating clause, cannot be reasonably construed so far as the principal and interest are concerned to include more than the $2,500 principal of the note and the accrued interest thereon. And interest coupon notes attached to the original note which were not due were never at any time after the execution of the deed of trust secured thereby. Spiller et al. v. Bell et al. (Tex. Civ. App.) 55 S.W.(2d) 634. With this interpretation of the accelerating clause contained in the deed of trust, we think there can be no doubt that the contract alleged upon its face does not constitute usury.

■ The appellant assigns as error the court's refusal to allow the recovery of a reasonable attorney's fee. It appears from the pleadings that the appellees made a tender of any amount which may be found by the court he was due appellant before appellant filed any cross-action against him. In this state of the record we think that the appellant.

432

would not be entitled to recover an attorney's fee.

There are other assignments which we have not considered for the reason that they are such as will not likely occur on another trial.

The judgment of the trial court will be reversed, and the cause remanded.