## GUARANTY BUILDING & LOAN CO. et al. v. O'DELL et al.

### No. 3044.

Court of Civil Appeals of Texas. El Paso.
July 26, 1934.

Rehearing Denied Sept. 10, 1934.

Kyle Vick, of Waco, and Geo. T. Burgess, of Dallas, for appellants.

T. R. Odell, of Haskell, for appellees.

PELPHREY, Chief Justice.

On August 13, 1929, R. H. McKenzie and wife executed to Maco Stewart, trustee, for the benefit of Guaranty Building & Loan Company, a deed of trust on lot 5, block 15, of Sixty Foot section of Greenland Hills, an addition to the city of Dallas, Texas. The McKenzies were at that time indebted to the Guaranty Building & Loan Company in the sum of $5,750.

On March 7, 1931, appellees purchased the property and assumed the balance due on it. After making payments on the note given by McKenzie and assumed by them, appellees executed a note for $2,000, the balance due on the note, and a deed of trust with Maco Stewart, as trustee, to secure the payment thereof.

Appellees then proceeded to pay sixteen monthly installments of $30 each on the $2,000 note.

On January 11, 1933, appellees filed this suit against the Guaranty Building & Loan Company and the Texas Life Insurance Company.

After alleging their purchase of the property from McKenzie, and the assumption of the outstanding indebtedness against the property, appellees then alleged that the contract represented by the first deed of trust and the note for $5,750 was tainted with usury, and therefore void, and that the deed of trust executed by them to Maco Stewart, trustee, and the note which it secured, were also tainted with usury, because, under the acceleration clause, more than 10 per cent. per annum could be collected.

They further alleged that, at the time of purchasing the property from McKenzie and wife, the Guaranty Building & Loan Company, in order to induce them to purchase the property, agreed with them that appellees could buy Guaranty Building & Loan Company's A–1 Certificates; that, when appellees had purchased enough of said certificates to equal the balance due on the note held by the Guaranty Building & Loan Company, the loan company would cancel appellees' said certificates dollar for dollar for the notes representing the balance due; that, in pursuance with said agreement, appellees purchased two of said certificates, paying $500 each, purchasing one on December 8, 1931, and another on February 1, 1932; that appellees would not have purchased said certificates except upon the agreement above set out; that appellees offered to purchase the certificates equalling the balance due on the note and pay par for same, and demanded that appellant Guaranty Building & Loan Company cancel the notes held by them for said certificates, which it refused to do, but in violation of said agreement fraudulently sold said note to the Texas Life Insurance Company; that by reason of such breach of contract they had been damaged in the sum of $1,000.

They prayed that all interest on the notes be canceled; that the deed of trust executed by them be held void; for judgment against the Guaranty Building & Loan Company for $1,000 as damages for the breach of the contract of exchange; or for judgment against it for specific performance.

Appellant Guaranty Building & Loan Company answered by general demurrer, special exceptions, general denial, admitted the execution of the note by appellees, and the execution of the deed of trust creating a lien upon the property; denied that there was any usury in the transaction, or that appellees had ever paid a higher rate of interest than 8 per cent.; denied that it had anything to do with the purchase of the property by appellees; admitted that appellees did purchase two certificates of its A–1 stock of $500 each; denied that it made any such agreement as alleged by appellees or any agreement other than that shown by the stock certificates themselves and by the by-laws of the company; and alleged that each of the certificates contained a provision that it might be withdrawn on demand out of the current receipts of the corporation.

After setting out a section of the by-laws providing that the by-laws should constitute the entire contract between the member and the corporation, and that no officer or other agent of the corporation had authority to change such contract, the company alleged that appellees were fully cognizant of the by-laws, and that by the acceptance of the certificates became bound by their terms.

The company further alleged that it was governed by the statutes regulating building and loan associations which expressly provide that no such association shall receive any sum of money which does not represent a payment upon shares of stock and provides how loans made by said associations shall be repaid and how stock therein may be withdrawn, and that the agreement alleged by appellees is contrary to said statutes, and therefore void.

The Texas Life Insurance Company answered by general demurrer and general denial, and by way of cross-action declared upon the note executed by appellees and set up its lien on the property and sought to recover its debt and foreclosure of the lien. In response to special issues, the jury found that Cheesborough, manager of Guaranty Building & Loan Company, told J. N. O'Dell that, if he would purchase the company's A–1 certificate, and pay therefor the sum of $500, upon surrendering said certificate, the appellees'

$2,000 note, upon final payment, would be credited with the amount so paid, together with the interest provided for in the certificate; that O'Dell would not have purchased the certificates if Cheesborough had not made such representations; that Cheesborough was authorized by Guaranty Building & Loan Company to make such representations; that the authority to make such representations was reasonably necessary to a proper carrying out of Cheesborough's duties as manager; that Cheesborough was clothed with such duties as would lead a person of ordinary care to believe that he was authorized to make the representations; that O'Dell offered to pay Guaranty Building & Loan Company such sum as was due on the $2,000 note, after being credited with the par value of the certificates with interest and the installment payments he had made; and that O'Dell had no knowledge that Cheesborough did not have authority to enter into the agreement to purchase the certificates and credit the amount thereof on the $2,000 note.

Upon these findings, the court rendered judgment holding the deed of trust and note usurious, decreeing that appellees recover of the Guaranty Building & Loan Company the sum of $1,000; that the sum of $480 be offset against the $2,000 note, thus applying all of the interest to the reduction of the principal; and that, $1,520 having been tendered into court by appellees, the deed of trust be canceled.

The court further held that, the action of the Texas Life Insurance Company being prematurely brought, it should take nothing on its cross-action.

### Opinion.

Appellees' cause of action in this suit is based upon a breach of the contract to exchange the certificates for the note and upon usury in the note and deed of trust.

Guaranty Building & Loan Company, in its eleventh assignment of error, complains of the trial court's refusal to instruct a verdict in its favor. In support of that position it contends that the contract which appellees allege it breached was contrary to the statutes governing building and loan associations, and was therefore such a contract as it could not enter into. It also makes the further contention that there was no usury in the contract evidenced by the note and deed of trust and that there should have been no offsetting of payments against the note.

■ The Texas Life Insurance also complains of the Court's action in refusing its

request for peremptory instruction in its favor, contending that there was no usury in the contract. Appellees depend upon the following provisions of the note and deed of trust to show usury: "In event of default in payment of any installment hereon, the entire indebtedness shall, at the option of the holder, immediately become due and payable."

The deed of trust executed by J. N. O'Dell and wife provides as follows: "That whereas the said parties of the first part are justly indebted to Guaranty Building & Loan Company, a corporation, whose post office address is Galveston, Galveston County, Texas, parties of the third part herein, as evidenced by one certain promissory note and coupon attached thereto, of even date herewith executed by the undersigned."

Said deed of trust further provides as follows: "But should the parties of the first part make default in the punctual payment of said indebtedness, or any part thereof, principal or interest, the same shall become due and payable and etc., the whole amount of said indebtedness hereby secured remaining unpaid may at the option of parties of the third part, or other holders thereof, immediately become payable, and it shall thereupon, at any time thereafter, the same or any part thereof, remain unpaid, be the duty of the said party of the second part herein, and of his successor or substitute as hereinafter provided, on the request of the said party of the third part, or other holder of the indebtedness hereby secured or any part thereof, to enforce this Trust and etc.; and out of the money arising from such sale, the Trustee acting shall pay first, all the expenses of advertising, sale and conveyance, including a commission of five per cent. to himself, and then to the said party of the third part, or any other holder thereof, the full amount of principal, interest and attorney's fees due and unpaid on said indebtedness as hereinbefore set forth, rendering the balance of the purchase money, if any, to the said parties of the first part," etc., and argue that under them there exists a contingency by which the holder of the note could get more than 10 per cent. per annum.

Their principal dependence is placed upon the assertion that the term "Entire Indebtedness" as used includes the principal on the notes as well as the full amount of the coupons, including unearned interest.

We do not agree with such interpretation, and feel that the following authorities support us: Dugan v. Lewis, 79 Tex. 246, 14 S. W. 1024, 12 L. R. A. 93, 23 Am. St. Rep. 332; Spiller v. Bell (Tex. Civ. App.) 55 S.W.(2d) 634; Ætna Life Ins. Co. v. Foster (Tex. Civ. App.) 66 S.W.(2d) 428; Dunlap, Trustee et al. v. Voter et ux., 72 S.W.(2d) 1109, by this court.

This being true, the judgment holding the deed of trust and note executed by appellees void as to interest as well as that portion of the judgment awarding appellees the sum of $480 to be applied on the principal of the note must be reversed and judgment here rendered that appellees take nothing as against the Guaranty Building & Loan Company.

It follows that the judgment holding that a tender into court by appellees of the sum of $1,520, constituted full and final settlement of the note must also be reversed and that the Texas Life Insurance Company have judgment in its favor on its cross-action for the full amount prayed for on the note.

■ The statutes of this state relative to building and loan associations are full and complete, and limit the kind of contract which may be entered into by such associations. Articles 852 to 881a-69, inclusive, Vernon's Ann. Civ. St.

Therefore the contract here alleged by appellees for the exchange of the certificates for the note, being one which is inconsistent with the provisions of the statutes, cannot form a basis for recovery. Texas & Pacific Railway Co. v. S. O. Pottorff, Receiver, 291 U. S. 245, 54 S. Ct. 416, 78 L. Ed. 777.

■ The contention of appellees that appellants would be estopped by virtue of having accepted benefits under the contract is not tenable and is fully answered in the above authority.

The judgment of the trial court is accordingly reversed and judgment here rendered that they take nothing as against either of the appellants, and that appellee Texas Life Insurance Company do have and recover judgment against appellees for the sum of $1,914, jointly and severally, and foreclosure of its deed of trust lien, upon the property in question.