## JORDAN et al. v. BROWN et al.

### No. 2268.

Court of Civil Appeals of Texas. Waco.

March 6, 1941.

Rehearing Denied April 17, 1941.

Fitzpatrick & Dunnam and Tom P. Scott, all of Waco, for appellants.

Hamilton, Lipscomb, Wood & Swift, of Dallas, for appellees.

HALE, Justice.

Appellants, as heirs of Martha Brown, deceased, sued Homer T. Brown in the district court of McLennan County on certain purchase-money notes and for a foreclosure of their lien upon 144 acres of land. They joined appellee Connecticut General Life Insurance Company (herein called the insurance company) as a defendant, alleging that its claim to the land was inferior to theirs and that they were entitled to foreclosure against it. Homer Brown did not answer, but the insurance company appeared and fully plead its interest in the land which it claimed was superior to the lien of appellants. The case was tried by the court without a jury and upon the conclusion of the evidence, judgment was rendered: In favor of appellants against Homer T. Brown for the sum of $8,905.45, with foreclosure of their lien, subject to the superior lien and title of the insurance company; in favor of the insurance company establishing its indebtedness of $8,263.80 as a superior lien to that of appellants, with a foreclosure of the same, subject to an equity of redemption in appellants; vesting in appellants a right to redeem the land and to become subrogated to the claims of the insurance company by paying off the indebtedness due to the latter within ninety days from the date of the judgment; and providing that if appellants failed to exercise their equity of redemption by paying off the indebtedness due to the insurance company within ninety days, then the judgment in favor of the insurance company as

against appellants for the title and possession of the land should become final. By appropriate assignments, the appellants contend that their lien was and is superior to any right, title or interest which the insurance company might have in and to the land in controversy.

It appears that on September 13, 1925 Martha Brown, joined by several of her children who are appellants here, conveyed the land in dispute to her son, Homer Brown, in consideration of $2,000 cash, two notes for $2,250 each, due Jan. 1, 1936 and 1937, respectively, and one note for $5,500 due Jan. 21, 1926, each note being payable to the order of Martha Brown and each providing for interest at the rate of 7% per annum. It was recited in the deed of conveyance that the $5,500 note was secured by a superior lien and the $2,250 notes were secured by inferior liens. Martha Brown then sold and transferred the $5,500 note and lien to Dallas Trust & Savings Bank (herein called the bank) and she also expressly subordinated her lien securing the remaining two notes for $2,250 each, to the superior lien of the bank. Thereafter on December 5, 1925, the bank duly renewed and extended the balance of its indebtedness and lien with Homer Brown, as evidenced by five renewal notes and a deed of trust of that date, so that such indebtedness should become payable in accordance with the terms of four notes for $250 each, due on Jan. 1, 1928, 1929, 1930, and 1931, respectively, and one note for $4,000 to become due on Jan. 1, 1936. Each of the renewal notes provided for interest until maturity at the rate of 5½% per annum and thereafter until paid at the rate of 10%, each containing the usual accelerating maturity clause. Simultaneously with the execution and delivery of the renewal notes and deed of trust next above set forth, Homer Brown executed and delivered ten additional interest notes payable to the bank, each due on January 1st, one for $53.61 in the year 1927, one for $50 in 1928, one for $47.50 in 1929, one for $45 in 1930, one for $42.50 in 1931, and five for $40 each, due in 1932 to 1936, inclusive, which notes were secured by an additional second lien deed of trust. On February 19, 1926, the bank sold and transferred the five first mortgage notes and lien to the insurance company and at the same time it also endorsed and delivered to the insurance company the original $5,500 vendor's lien note.

On July 19, 1933, the insurance company filed suit in the district court of Dallas County against Homer Brown and wife on the $4,000 renewal note, for taxes and for foreclosure of its lien, making the bank a party defendant. Homer Brown answered, setting up a claim of usury in the note sued upon. The insurance company then filed an amended petition bringing in an additional party defendant and added a count to its original petition wherein it sued in the alternative upon the original $5,500 note. Upon a trial of the case in the Dallas court, the insurance company elected to stand upon the original $5,500 note, and on November 13, 1934, it recovered judgment against Homer Brown on that note and for a foreclosure of its vendor's lien against all of the parties to the suit. However, neither Martha Brown nor any of the appellants herein was a party to that suit. Pursuant to the order of sale duly issued, levied and returned, the land was properly sold on July 2, 1935 by the sheriff to the insurance company on its bid of $4,000, and the insurance company immediately went into possession of the land and continued in possession of the same up to the time of the trial of this suit.

It is the contention of appellants, as we understand, that the $4,000 mortgage note upon which the insurance company sued under its first count in the district court of Dallas county was usurious; that the $5,500 vendor's lien note upon which it sued under its second count was barred by the four-year statute of limitation, Vernon's Ann.Civ.St. art. 5520 et seq.; that by electing to stand upon the $5,500 note and by securing a judgment of foreclosure of its vendor's lien, the insurance company is not now entitled to assert any claims in this suit under the $4,000 renewal note and deed of trust lien; and that, since appellants were not parties to the judgment rendered in the district court of Dallas county, they are not estopped from pleading in this suit the four-year statute of limitation as a bar to any right which the insurance company might ever have acquired under the $5,500 note or the prior judgment based thereon.

■ The claim of usury is predicated in part upon the fact that the deed of trust securing the payment of the $4,000 note provided that if any tax or assessment should be imposed within the State of Texas upon the notes therein described while such notes were the property of a nonresident of

Texas, then the grantor would pay off and discharge such tax or assessment, and upon his failure to do so the holder of the indebtedness might, at its election, declare the entire amount thereof immediately due. These provisions rendered the contract potentially usurious in the absence of a saving clause. Kansas City Life Ins. Co. v. Duvall, 129 Tex. 287, 104 S.W.2d 11. However, we do not find any evidence whatsoever in the record showing or tending to show the prevailing standards of valuation fixed from year to year, or the prevailing rate or rates fixed from year to year, in relation to the tax which might have been levied against the note or notes in question, or that such tax or taxes when added to the interest contracted for would cause the amount exacted to exceed the legal rate of 10% upon the amount of such notes, and in the absence of such evidence, we cannot hold as a matter of law that the contract is usurious. Robertson v. Connecticut Gen. Life Ins. Co., 134 Tex. 588, 137 S.W.2d 760.

The claim of usury in the $4,000 note is based upon the further fact that the ten additional interest notes, in the total aggregate sum of $438.61, each contained an accelerating maturity clause in certain contingencies. It is to be noted, however, that the second lien deed of trust securing the payment of the ten additional interest notes provided that in the event of default "then the whole sum of money hereby secured shall become due and payable at the election of the holder thereof." The first lien deed of trust securing the $4,000 note also provided that in the event of default "the whole indebtedness and all sums secured by this mortgage, to-wit: the principal and interest then accrued on said bond, etc." shall become due and payable at the election of the holder thereof. These provisions save the contracts from the taint of usury. Lincoln Nat. Life Ins. Co. v. Anderson, 124 Tex. 556, 80 S.W.2d 294; Bankers' Life Ins. Co. v. Miller, Tex. Civ.App., 68 S.W.2d 574, writ denied; Walker v. Temple Trust Company, Tex. Civ.App., 60 S.W.2d 826; Aetna Life Ins. Co. v. Foster, Tex.Civ.App., 66 S.W.2d 428.

There was no claim of usury except as the same was founded upon the facts which we have discussed, and therefore we are of the opinion that no usury was shown in connection with any of the contracts involved in this suit or in the previous suit.

The next question presented is whether the action of the insurance company in the district court of Dallas county in electing to stand upon the original $5,500 note constituted an election of remedies as against appellants in this suit, so as to estop the insurance company from setting up in this case the $4,000 note and mortgage and demanding that appellants pay off its superior debt before ousting it from possession or foreclosing against it. We cannot say that it did. While it is generally true that the courts look with disfavor upon a party who attempts to assert inconsistent remedies in the course of the same litigation as between the same parties, we do not believe the rule is necessarily applicable to the facts of this case. The rights asserted herein by appellants have accrued to them solely as the heirs of their deceased mother, Martha Brown, who, during her lifetime, expressly subordinated her lien to that of the insurance company and her heirs are bound thereby. Williams v. Tooke, Tex.Civ. App., 116 S.W.2d 1114. Appellants were not parties to the suit in the district court of Dallas county, their presence in that suit was not necessary, and their rights in the present suit were not adjudicated in that case. Pierson v. Pierson, Tex.Civ.App., 128 S.W.2d 108. Since appellants were not bound by the judgment that was rendered in the district court of Dallas county, we can find no valid reason why the insurance company must be held, as to them, to any election which it might have made in a suit to which they were in nowise parties. Pierce v. Moreman, 84 Tex. 596, 20 S.W. 821; Gardener v. Griffith, 93 Tex. 355, 55 S.W. 314; Milmo National Bank v. Rich, 16 Tex.Civ.App. 363, 40 S.W. 1032, 1033; Wier v. Yates, Tex.Civ.App., 237 S.W. 623.

And finally, it is urged by appellants that the insurance company was not a mortgagee lawfully in possession of the premises at the time of the trial of this case. We cannot sustain this contention. Ordinarily a judgment on an original note implies a release of any renewal note evidencing the same indebtedness as between the same parties, but in this case the insurance company did not attempt to assert any rights whatsoever as against Homer Brown. Furthermore, the trial court found specifically that the insurance company was a mortgagee in lawful possession of the land, which implies a finding that it was not the intention of the insurance company that the equitable title which it held under the deed of trust securing its $4,000 note should become merged into the legal title which it

acquired under the judgment of foreclosure and sheriff's sale. We cannot say that such findings are without sufficient support in the evidence. Hill v. Preston, 119 Tex. 522, 34 S.W.2d 780, 782, Id., Tex.Civ.App., 296 S.W. 925.

If the insurance company was a mortgagee lawfully in possession of the premises, as found by the trial court, we are of the opinion that the plea of limitation was not available to appellants as junior lienholders for the purpose of ousting the insurance company without first tendering to it the amount of its unpaid prior lien. Elliott v. C. C. Slaughter Co., Tex.Civ.App., 236 S.W. 1114; Caffarelli Bros. v. Pearce, Tex.Civ.App., 10 S.W.2d 594; Church v. Cocke, 120 Tex. 262, 37 S.W.2d 723; Connor Bros. v. Williams, 130 Tex. 572, 112 S.W.2d 709; City National Bank v. Moody, Tex.Civ.App., 115 S.W.2d 745. It is well settled that a mortgagee lawfully in possession has the right to retain such possession until his debt is paid. See Jasper State Bank v. Braswell, 130 Tex. 549, 111 S.W.2d 1079, 115 A.L.R. 329; and numerous cases there cited.

We have carefully examined all of the assignments of the appellants, but we find no error in the judgment of the trial court and consequently all assignments are overruled, and the judgment appealed from is in all things affirmed.