**Mollie Hannah GOIDL, Appellant,**

v.

**NORTH AMERICAN MORTGAGE INVESTORS, Appellee.**

**No. 19401.**

Court of Civil Appeals of Texas, Dallas.

April 10, 1978.

Roger D. Bush, Dallas, for appellant.
F. Ward Steinbach, Dallas, for appellee.

AKIN, Justice.

This appeal concerns priority between a vendor's lien retained by Mollie Goidl in a deed and a deed of trust lien in favor of North American Mortgage Investors upon which North American has foreclosed. Appellant Goidl sold a parcel of property to L.R.R.S. Corporation and received a note for the purchase price. In the deed, she retained a vendor's lien and the purchaser executed a deed of trust to secure payment of the note. Her deed of trust recited that it was second and inferior to a deed of trust lien to North American on the same property. This deed of trust was duly recorded by the title company handling the closing. The record is silent with respect to whether the deed of trust was accepted by Goidl. Additionally, certain third persons executed an agreement guaranteeing payment of the note to Goidl and this guaranty referred to her note as a second-lien note. The guaranty also recited that the note was secured by a vendor's lien and a deed of trust on the property second to the lien of North American. The summary judgment evidence shows that this guaranty was transmitted to Goidl's attorney. Both parties moved for summary judgment each contending that the facts were undisputed and that each was entitled to summary judgment based upon a construction of the various instruments. The trial court granted summary judgment for North American and denied Goidl summary judgment.

In the trial court, and on this appeal, Goidl insists that although her deed of trust lien may be subordinate to the lien of North American, nevertheless, her vendor's lien retained in the deed was not. Thus, she argues that the trial court erred in not granting her summary judgment. On the other hand, North American contends that the vendor's lien was merged into Goidl's deed of trust lien since all parties to the transaction intended for North American's lien to have priority. North American finds this intent in all of the instruments when read as a whole. We hold, however, that the instruments do not establish such intent, as a matter of law, and that the trial court erred in granting summary judgment. Because the circumstances surrounding the transaction are not shown by the summary judgment evidence, we remand in the interest of justice, rather than render, so that the intent of the parties to the transaction may be fully developed.

North American argues that its deed of trust lien is superior to Goidl's vendor's lien because the deed, the note, the deed of trust, and the guaranty agreement when read together show an intent by Goidl to subordinate her vendor's lien, as well as her deed of trust lien. In this respect, North American contends that although the deed from Goidl to L.R.R.S. does not recite that the vendor's lien is subordinate to North American's lien, the contemporaneously executed deed of trust provides that it is "subordinate and inferior to that certain deed of trust secured by the hereinabove described land in favor of NORTH AMERI-

CAN MORTGAGE INVESTORS . . ." . Thus, it concludes that this language in Goidl's deed of trust shows her intent to also subordinate her vendor's lien. Essentially, North American reasons that the vendor's lien and deed of trust lien are the same. In this respect, it argues that since both have the status of purchase money liens on the same property, the vendor's lien is merged with the deed of trust lien, and, consequently, the vendor's lien was subordinated to the lien held by North American by the language in Goidl's deed of trust lien. We cannot agree. This contention ignores the very nature of a vendor's lien, retained in the deed, as a separate lien apart from a deed of trust lien, and as superior to any subsequent claim against the property in the absence of an agreement to the contrary. *R. B. Spencer & Co. v. May,* 78 S.W.2d 665, 667 (Tex.Civ.App.—Waco 1935, writ ref'd (per Alexander, J., Later C. J. of Sup.Ct.); *cf. Jordan v. Brown,* 149 S.W.2d 1045 (Tex.Civ.App.—Waco 1941, writ ref'd) (seller's agreement to subordinate his vendor's lien held binding). Such an agreement cannot be inferred solely from the subordinating provision in the deed of trust since, by its terms, this provision specifies only the deed of trust; no mention is made of the vendor's lien. Since the two are separate liens, and the vendor's lien was not subordinated insofar as the record shows, we conclude that the trial court erred in granting summary judgment to North American.

■ Our holding that the two liens are not merged is supported by cases holding that a seller does not waive his rights under his vendor's lien by taking a deed of trust as additional security. *DeBruhl v. Maas,* 54 Tex. 464 (1881); *DeBusk v. Jacksonville Building & Loan Ass'n,* 147 S.W.2d 537, 541 (Tex.Civ.App.—Eastland 1941, writ dism'd, judgmt. corr.). *Mitchell v. Dallas Loan Co.,* 52 S.W.2d 756 (Tex.Civ.App.—Dallas 1932, no writ).

Neither does the guaranty agreement show the intent to subordinate, as contended by North American, since the record fails to show that she accepted it and acted upon it. Assuming that we may look to the guaranty for intent, it sheds no light on the problem. The guaranty agreement states that Goidl's note is "secured by a vendor's lien and deed of trust lien on the property second and subordinate" to North American's lien. The guaranty is, however, ambiguous with respect to this intent because the guaranty agreement is subject to the interpretation that the two are separate liens held by the vendor, as asserted by Goidl, and that she subordinated only the lien created by the deed of trust. It can also be reasonably read to mean that she intended to subordinate her vendor's lien as well. This is true because the guaranty agreement identifies the note in question as a "second lien note" and states that it is "secured by a vendor's lien and a deed of trust lien second and subordinate to North American's lien." Whether the words "second and subordinate to the lien of North American" modifies only "deed of trust lien" or whether it also modifies "vendor's lien" is unclear. Thus, it is capable of two reasonable, yet different, meanings.

■ Since from a reading of the documents we are uncertain whether Goidl intended to subordinate her vendor's lien, we cannot render summary judgment for Goidl, as she urges. Our problem lies in the fact that the subordinated deed of trust was given Goidl to secure the same purchase-money note. As we have noted, *supra,* a vendor's lien exists separate and apart from a lien created by a deed of trust, although both may secure payment of the purchase price. They differ only with respect to remedies. Under a vendor's lien, if the purchase money is not paid, a seller may elect to rescind the sale or judicially foreclose the vendor's lien, as Goidl seeks to do here. A deed of trust given to secure the purchase price merely gives the seller an additional remedy of extra-judicial foreclosure. It seems extraordinary to us that the parties would use language in Goidl's deed of trust subordinating it to North American's deed of trust but did not intend also to subordinate her vendor's lien retained in the deed. To subordinate one without the other makes no sense at all and creates

uncertainty as to the intent of the parties with respect to whether both of Goidl's purchase-money liens were to be subordinate or whether only the deed of trust was subordinate. Generally, the parties to an instrument or a series of instruments intend every clause to have some legal effect and to evidence their agreement. *See* § 230 Restatement of . Contract (1932); *See also* 3 Williston on Contracts § 610 (1936). Our question here then is what was the intent of the parties in giving Goidl a subordinate deed of trust and not also obtaining a subordination of her vendor's lien? If only the deed of trust was subordinated to North American, as Goidl contends, it appears to us that the subordination of the deed of trust would be commercially meaningless because North American would not have priority. However, as we have noted, the vendor's lien was not expressly subordinated. Thus, it appears to us to create an uncertainty with respect to whether the parties intended North American's lien to be superior to Goidl's liens. This is particularly true here since all of the instruments were executed simultaneously as part of the same transaction. Ordinarily, the rule is that where a question of construction of a contract is presented, we must take the language used in the instruments and consider this language in the light of the surrounding circumstances, and apply the pertinent rules of construction to determine the meaning of the agreement. *City of Pinehurst v. Spooner Addition Water Co.,* 432 S.W.2d 515, 519 (Tex.1968). Since none of the surrounding circumstances are shown by the summary judgment evidence and, since the intent of the parties is unclear from the instruments in this record, we reverse and remand, rather than render, in the interest of justice so that their intent may be ascertained from the surrounding circumstances of the transaction. Tex.R. Civ.P. 434; *Carnes v. Meador,* 533 S.W.2d 365 (Tex.Civ.App.—Dallas 1975, writ ref'd n.r.e.).