## ST. LOUIS, B. & M. RY. CO. v. LITTLE.
### No. 10072.

Court of Civil Appeals of Texas. Galveston. Feb. 27, 1935.

Rehearing Denied March 21, 1935.

Andrews, Kelley, Kurth & Campbell, of Houston (T. A. Slack, of Houston, of counsel), for appellant.

Fulbright, Crooker & Freeman, M. C. Chiles, and C. A. Leddy, all of Houston, for appellee.

LANE, Justice.

This suit was brought by A. B. Little against St. Louis, Brownsville & Mexico Railway Company to recover damages for injuries to his left knee, alleged to have been sustained in alighting from a passenger train of defendant at Kingsville, Tex., as he stepped from the lower step of the car, in which he had been riding as a passenger, to a shell platform. He had been riding in the smoking car of the train, which consisted of a chair car and a smoking car; the smoking car being in front of the chair car and attached thereto. When the train reached Kingsville, one of defendant's employees announced, "All out for Kingsville." Upon such announcement, plaintiff picked up his two grips and went to the rear door of the smoking car to make his exit. There was no step box placed below the steps leading from the smoking car to the platform, but there was one placed just below the steps leading from the chair car to the platform.

Plaintiff alleged that upon the occasion in question he was a man very large in size, weighing in excess of 235 pounds; that he had with him two large grips; that under such circumstances defendant knew that he was unable, on account of his age and size, to move about and take care of himself in alighting from the train without assistance, or at least defendant's employees could, by the exercise of a high degree of care, have known the facts stated, and should have, under such circumstances, rendered plaintiff assistance in alighting from the train; that plaintiff was above 50 years of age and of very short stature; he was unable on account of his age and size to move about and step down the distance from the steps of said car from which he was alighting to the ground in safety to himself, which facts the defendant, its agents, servants and employees knew or could have

known by the exercise of that care required of it and them by law toward its passengers.

Plaintiff further alleged in several ways that defendant was negligent in not having a step box where he alighted from the steps of the smoking car, in not having a proper platform for passengers to alight from the train, and in not having some one to assist him in alighting from the train.

Appellant answered by general denial, and alleged that appellee was negligent in failing to go across to the adjoining vestibule which had been prepared for exit; also by trial amendment, filed with leave of court, that appellee was negligent in failing to observe the ground to ascertain the nature of the footing which he might obtain upon the ground before taking the final step off of the car to the ground, and in failing to look to see whether there was any stool or stepping box beneath the step of the car from which he took the final step from the train, before taking such step.

The cause was tried before a jury upon special issues. In answer to the pertinent issues presented by the parties to this appeal, the jury found:

First. That defendant failed to furnish plaintiff a step box upon which to alight; that such failure was negligence and a proximate cause of plaintiff's injuries.

Second. That defendant failed to notify plaintiff of the absence of a step box where he alighted; that such failure was negligence and a proximate cause of plaintiff's injuries.

Third. That defendant did not notify plaintiff where the door of the train was at which a step box was furnished; that the failure to do so was negligence and a proximate cause of plaintiff's injuries.

Fourth. That the place where plaintiff alighted on the occasion in question was soft and gave way under his foot so that plaintiff's shoe heel sank into the shell.

Fifth. That the act of defendant in stopping its train where plaintiff in alighting from the car would step upon soft shell where his foot would sink into same when he stepped from the train was not negligence.

Sixth. That the act of the plaintiff in attempting to leave the train by an exit other than the one at which the stepping box was placed was not negligence.

Seventh. That the act of the plaintiff in failing to observe the ground where he was about to step before commencing the final step off the train was negligence.

Eighth. That such negligence was not a proximate cause of plaintiff's accident and resulting injuries.

Ninth. That plaintiff was entitled to a recovery of $2,000.

Upon the verdict of the jury, the court rendered judgment for plaintiff against defendant for $2,000, and from such judgment the St. Louis, Brownsville & Mexico Railway Company has appealed.

In a number of assignments appellant contends that there was no evidence to support any finding that the railway company was guilty of any act constituting negligence resulting in the appellee's injuries, as alleged by appellee. Wherefore the court should have granted to appellant a judgment in its favor non obstante veredicto upon its motion.

We overrule such contention. We think there was evidence authorizing the jury to find appellant guilty of the acts of negligence charged to it and defended against only under its plea of general denial.

The jury found, as above stated, that appellee stepped from the steps of the car to the platform, an estimated distance of from 22 to 30 inches, without looking where he was stepping, and that such act was negligence. They found, however, that such negligent act was not a proximate cause of appellee's injuries.

Appellant insists that the finding of the jury that the plaintiff's negligence, in failing to look before he stepped from the train to the platform, under the facts pleaded by the plaintiff and shown by the evidence, was not a proximate cause of the plaintiff's injuries, was so against and contrary to the great weight and preponderance of the evidence as to be clearly wrong, and that such finding of the jury is sufficient to convict it of bias in favor of the plaintiff, and therefore the court erred in failing to grant the defendant's motion for a new trial on that ground.

We sustain such contention. The plaintiff, as already shown, alleged that at the time of his injuries complained of he was over 50 years of age; that at such time he was a very large man in size, weighing in excess of 235 pounds; that on account of his age and size he was unable to move about and take care of himself in alighting from the train without assistance; that he was very short of stature, and was, on account of his age and size, unable to move about and step down the distance from the steps of the car from which he was alighting to the platform in safety to himself.

Plaintiff testified that, before he suffered the injury here complained of, in 1918 he broke his thigh above the knee which was hurt at Kingsville; that his injury in 1918 was in Muskogee, Okl.; that, as a result of the break of his left leg, it left his left leg shorter than the right leg; that to take up the shortness in his left leg he had a high heel put on his left shoe; that since said break he walked with a slight limp because one leg was shorter than the other; that the fracture of his leg in Oklahoma was about two inches above the kneejoint; that he had ever since his injury in 1918 an impaired movement to some extent; that such impairment was in his left kneejoint; that such injury in 1918 was just above the knee; that he had an operation performed on that knee and leg; that a surgeon went into that place in 1918 and sawed into the bone and took out a splint and put it across the break and took a little piece and put it above; and that his leg had not bothered him since such operation, except the motion in the kneejoint and the slight limp.

Plaintiff was asked: "Q. If you had looked down there before you stepped off that car you would have been bound to see there was no step box there? A. If I had taken a careful look, yes."

He testified further that he had gotten off of lots of trains without there being any step there, and could not say they usually provided a step.

That the finding of the jury under the facts shown, "that the plaintiff's failure to observe the ground where he was about to step before commencing the final step off the train was negligence," is supported by overwhelming evidence, can hardly be seriously questioned.

We think the finding of the jury that the negligence chargeable to the plaintiff was not a proximate cause of his injuries is so clearly against the great weight and preponderance of the evidence as to cause a reversal of the judgment of the trial court.

One Bourroun, claim agent for the appellant railway company, shortly after the accident in question called upon appellee, Little, for a statement relative to the accident. Testifying as to what such agent said to him upon said visit, appellee said: "He came in and told me it would be necessary for him to have some statement to base the payment of damages and he wanted me to give him a statement to base my claim."

Again: "He came in my room and said, I have got to have your statement to base your claim as I am the claim agent for the railroad, I have to have some basis for settlement and payment of damages."

During his closing argument to the jury counsel for appellee made the following statement to the jury: "Mr. Little testified that the claim agent for the railroad company told Mr. Little after the accident that the railroad company would pay him for his injuries."

Counsel for defendant excepted to the argument to the jury and objected to it on the grounds that it was not the testimony in the case and was without the record. The court overruled the objection and refused to instruct the jury not to consider the argument.

We think the argument complained of was unsupported by a fair construction of the statement made by the claim agent to appellee; that it was improperly made and was reasonably calculated to prejudice the cause of appellant before the jury. However, as such argument will not occur upon another trial, we will not prolong this opinion further by discussing the complaint made thereof.

For the reasons pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.