## SCHUMAKER v. WHITESIDE–APPLING MOTOR CO.

### No. 11032.

Court of Civil Appeals of Texas. Galveston.
Oct. 31, 1940.

Rehearing Denied Nov. 21, 1940.

Cullen B. Vance, of Edna, for appellant.

Geo. P. Willis, Jr., of El Campo, for appellee.

GRAVES, Justice.

This statement, adopted by the appellee as being substantially correct, is taken from the appellant's brief:

"This suit, styled in the trial court as Whiteside-Appling Motor Company v. I. D. Schumaker, was instituted in the County Court of Wharton County, Texas, on August 24th, 1939, wherein plaintiff, Whiteside-Appling Motor Company, in its petition alleged the sale on October 21, 1938, of a certain Ford automobile to defendant, I. D. Schumaker, and the execution by Schumaker of a note, and a chattel mortgage on said automobile securing same, said note and mortgage each being dated October 21st, 1938, the note being in the principal sum of $824.00 and representing the balance of the purchase price of said automobile. Plaintiff's petition further alleged a default in the payment of said note as provided, except certain payments credited on the note totalling the amount of $175.00, to plaintiff's damage as alleged in its petition in the amount of $746.35.

"In its petition, plaintiff prayed, first, for judgment for the amount last above mentioned, that is $746.35, together with interest thereon from date at the rate of 10% per annum, for all costs of suit, and for foreclosure of the chattel mortgage lien on the Ford automobile, and with a further prayer for an order of sale authorizing a private sale of the automobile, and that it be allowed to credit the amount of such sale against the total amount of the indebtedness, and for a deficiency judgment over and against Schumaker for the balance of the amount then remaining unpaid, concluding with a prayer for general relief.

"Defendant, through his attorney, filed a general demurrer and general denial, and a special plea of accord and satisfaction, in which latter plea defendant alleged that on or about the 1st day of September, A. D. 1939, he delivered to plaintiff and plaintiff received and accepted the automobile in full satisfaction of the claim set forth in plaintiff's petition, and that by reason thereof there was an accord and satisfaction.

"The case was tried before a jury on November 23, 1939, and at the conclusion of the evidence, plaintiff moved for an instructed verdict, which motion was by the court over-ruled.

"The case was then submitted to the jury on one special issue, as follows:

"'Do you find from a preponderance of the evidence that Whiteside-Appling Motor Company agreed to accept the automobile in question from I. D. Schumaker as full and complete payment and satisfaction of the note dated October 21st, 1938, held by Whiteside-Appling Motor Company against the said I. D. Schumaker?

"'You will answer "Yes" or "No".'

"The answer of the jury in response thereto was, 'Yes'.

"Upon return of the verdict, defendant duly filed his motion for judgment thereon, and on November 24th, 1939, plaintiff filed its motion for judgment non obstante veredicto, and on the 6th day of December, 1939, judgment non obstante veredicto was entered for plaintiff for the amount of $746.35, to which judgment defendant then and there in open court duly excepted and gave notice of appeal."

The controlling question presented on the appeal is not whether the evidence was sufficient to support the quoted verdict of the jury that appellee agreed to accept the car in satisfaction of the note, but only whether it was sufficient to raise an issue of fact over that question. Johnson v. Moody, Tex.Civ.App., 104 S.W.2d 583, and authorities there cited.

When the evidence upon that inquiry is looked to, it seems plain to this Court that it was clearly sufficient to raise such an issue; indeed, it seems only needful to cite these material excerpts from the testimony, respectively, of Mr. Whiteside for the appellee, and of the appellant, Mr. Schumaker, for himself, to-wit:

"H. F. Whiteside testified on cross-examination:

" 'Schumaker came in several times to talk to me about the car note and finally, about the first part of August, came in and said that he could not meet the payments on the note and that he wanted to turn the car back to us. I told him all right, to bring the car in. I do not know whether he signed a bill of sale or transfer or not. He may have signed one, I just don't remember. Mr. Schumaker brought the car in voluntarily and I did not send anyone out to pick it up.'

"I. D. Schumaker testified on direct examination:

" 'I talked to Mr. Whiteside, the manager of Whiteside-Appling Motor Company several times during the year with reference to the car and my paying for same and I explained to him why I had been unable to meet the payments. Sometime in August, 1939, I talked to George York, the collector for the Whiteside-Appling Motor Company and he told me that Mr. Whiteside wanted to see me. I went over there to see Mr. Whiteside and told him that I was unable to meet the payments and that I wanted to turn the car back to them. I told him that I would make arrangements to pay the open account which I owed them, which amounted to $36.12. He said,

"All right, bring the car in", I drove the car on home that day and got a friend of mine, Ray Orsag, to come with me and brought the car back to Whiteside-Appling Motor Company that night and left it there. I signed a bill of sale and application to transfer that day when I was over there, transferring the title to the automobile to Whiteside-Appling Motor Company. It was my understanding when I left the car there and signed the bill of sale that it was in settlement of the balance I owed on the car. I later paid the $36.12 I owed on the open account.' "

The jury as triers of fact were entitled to indulge all the reasonable inferences that rational and unbiased minds might properly deduce from the facts and circumstances so presented in the separate statements of these two witnesses. 17 Tex. Jur. pp. 244, 245; Galveston, H. & S. A. R. Co. v. Cook, Tex.Civ.App., 214 S.W. 539; Cotton v. Cooper, Tex.Com.App., 209 S.W. 135; Texas Employers' Ins. Ass'n v. Shipley, Tex.Civ.App., 260 S.W. 646.

It was not an illegitimate inference from what thus passed between these two interested witnesses that their minds did meet upon an understanding between them to the effect that they were thereby erasing the original transaction completely by the purchaser's "turning the car back", in complete satisfaction of any balance due on the note he had originally given for the same; further, that the execution of such an understanding on both sides was provided for that same day by the actual return of the car, together with the transfer back of the title thereto by the original purchaser to its seller; in fact, there was a complete absence of any testimony having to do with any other contingency than a turning of the car back in a full satisfaction of the debt—such as terms or conditions for any further tenure of it, or anything else to be done about it by either of the parties.

In other words, it was properly left for the jury to say, as men of ordinary intelligence, from all the facts and circumstances before them, whether or not these two parties in so dealing with each other had in mind the common intention of wiping the slate clean as to the car and the balance on the note originally given for the purchase price, by the return of the one and the consequent cancellation of the other; they resolved that question in the appellant's favor, hence, under the plain

provisions of R.S.Article 2211, and such holdings as Duvall v. Kansas City Life Ins. Co., Tex.Civ.App., 96 S.W.2d 793; Id., Tex.Civ.App., 104 S.W.2d 10; and Draper v. Presley, Tex.Civ.App., 111 S.W.2d 1124, the court was without power to enter the judgment for the appellee notwithstanding.

It follows from these conclusions that the appealed-from judgment should be reversed, and, since no other questions were raised by the appellee, there appearing to have been a full development of the facts, judgment should be here rendered in appellant's favor, declaring the note fully paid and discharged.

Reversed and rendered.