## GONZALES v. ORSAK.

### No. 11916.

Court of Civil Appeals of Texas. Galveston.

Oct. 30, 1947.

Cullen B. Vance, of Edna, for appellant.
Wm. H. Hamblen, of Edna, for appellee.

CODY, Justice.

This was an action by appellee against appellant in the County Court of Jackson County for damages to appellee's automobile growing out of a collision between appellee's automobile and appellant's farm truck, which occurred on a highway in Jackson County on December 3, 1946. Appellee also sued to recover the expense of a medical examination he underwent to determine what, if any, personal injury he may have sustained. Following a jury trial, the court rendered judgment for appellee for the principal sum of $837 based on the answers of the jury to the 47 special issues, which were submitted to the jury.

The appellant predicates his appeal on four points. In order to understand some of appellant's contentions, it is necessary to give in part the pleadings of plaintiff with reference to acts and omissions of negligence which he alleged were the proximate cause of the collision; and to give in part the allegations of appellant to the effect that the proximate cause of the collision were certain acts or omissions of appellee which are alleged to have been contributory negligence.

Appellee alleged: That on the occasion in question he was accompanied by his friend, William Curlee, and was driving in a southeasterly direction upon the highway toward Bay City. That appellant's truck was being driven upon the highway in the same direction, and that appellee was driving at the rate of about 35 miles an hour, and while so driving was overtaking the truck driven by appellant. That appellee sounded his horn when he was about 150 feet behind appellant. That notwithstanding, appellant abruptly and suddenly, and without signalling his intention, turned to the left to cross the highway in front of appellee to go to a field which was north of the highway. That in so doing appellant was negligent, and his negligence was the proximate cause of the resulting collision. Then, descending to particulars, appellee alleged:

"* * * defendant was negligent in turning across and off the highway in front of plaintiff's car without signalling his intention by extending his arm.

"Defendant was negligent in failing to keep a proper lookout for traffic to his rear before making a turn across said highway.

"Defendant was negligent in attempting to cross the highway ahead of plaintiff's car after defendant had discovered that plaintiff was attempting to pass him and after defendant had the last clear chance to avoid the collision.

"*These acts of negligence on the part of the defendant were the proximate cause of the collision resulting in plaintiff's damage.*" (Emphasis supplied.)

By his answer appellant urged many special exceptions, a general denial, a plea of contributory negligence on the part of plaintiff in certain particulars, and that same were negligence which proximately caused the collision. Appellant also pled that the collision was an unavoidable accident. Upon appeal appellant urges no point

on his special exceptions, or under his plea of unavoidable accident, and these are out of the case.

Appellant's first two points relate to his issue of contributory negligence, and are by him grouped together for discussion. They are, in substance:

(1) The appellant made out a case to go to the jury on the issue of contributory negligence pled by him to the effect that appellee failed to keep a proper lookout, and the court erred in refusing to submit said issue to the jury.

(2) The appellant made out a case to go to the jury on the issue of contributory negligence pled by him, to the effect that appellee was driving his automobile in excess of the lawful rate of speed, and same was a proximate cause of the collision.

Appellant's third point is: The court erred in giving a certain general instruction in connection with special issue No. 4.

The appellant's fourth point is: That appellee having alleged specific acts of negligence as "the proximate cause of the collision", and the jury having found favorably to appellee on only one of the acts of negligence so pled, namely, the failure of appellant to keep a proper lookout, "the judgment of the court is not supported by the pleadings and the verdict of the jury and the court therefore erred in overruling appellant's motion for judgment non obstante veredicto."

### Opinion

We sustain appellant's point 1. The court erred in declining to submit the special issue requested by appellant as to whether appellee kept a proper lookout while approaching defendant's truck, etc. Appellant had pled as an affirmative defense that appellee was guilty of contributory negligence in certain specified particulars, each of which he alleged proximately caused, or contributed to proximately cause the damages sued for. Among the acts so alleged to have been contributory negligence which would defeat a recovery by appellee were: "(6) In that the said Joe Orsak was not keeping a proper lookout on the roadway ahead of him immediately prior to the time the collision occurred."

It appears that appellee testified that he was traveling about 35 or 45 miles an hour until he speeded up to go around appellant's truck. His friend, who was accompanying him, testified that they were traveling from 45 to 60 miles an hour when the collision occurred. Appellant testified that when he started to turn his truck off of the highway, appellee's car was then even with the "2nd R.E.A.pole", a distance of 280 yards away, and that his (appellant's) truck was struck after it had completed the turn made to get off the highway, and was off the highway. He further testified that appellee was going awfully fast as he came down the highway. Appellant also testified (and the jury found) that appellant signalled his intention to make said turn to the left, to get off the highway. Appellee testified that he did not see the signal made by appellant that he was going to turn left. Appellee testified that he sounded his horn 30 feet from the truck, but did not apply his brakes.

As indicated by the evidence, the jury might have inferred that appellee was not keeping a proper lookout, and that this constituted negligence and a proximate cause of the accident. Schumaker v. Whiteside-Appling Motor Co., Tex.Civ. App., 144 S.W.2d 944. It was settled law, prior to the adoption of Rule 279, Texas Rules of Civil Procedure, "that a party is entitled to have every phase of his case which he has pleaded and upon which evidence is offered, submitted to the jury. This rule is applicable to defendant's allegations of contributory negligence. Fox v. Dallas Hotel Co., 111 Tex. 461, 240 S.W. 517." Texas & N. O. R. Co. v. Young, Tex.Civ.App., 148 S.W.2d 229, 232.

We do not understand that appellee contends the evidence was not sufficient to require a submission of the issue in question. His position is rather that there was a sufficient submission of the issue within the purview Rule 279. That Rule, among other things, requires the submission of the controlling issues made by the pleadings and evidence. It provides that a party shall not be entitled to an affirmative submission of an issue in his behalf where "such issue is raised only by a general denial *and not by an affirmative*

*written pleading on his part."* (Emphasis supplied.) Under appellant's affirmative written pleadings, the issue of appellee's contributory negligence, in the respect indicated, was made a controlling issue. While it is true that, under the Rule, where an issue has been in fact submitted, the court is not required to give another which presents merely another phase or different shade of that issue. "However, whether it presents only another phase or different shade must be determined under the peculiar facts of each case." City of Fort Worth v. Lee, 143 Tex. 551, 186 S.W.2d 954, 960, 159 A.L.R. 125. It is true the court submitted the issues on primary negligence which were requested, and they were answered favorably to appellee. Even so, the findings thereon did not find, even negatively, that appellee was keeping a proper lookout. And by his affirmative written pleadings appellant tendered, as a defense, the issue that appellee was not keeping a proper lookout, and under the evidence the jury might have found this was so, and that the same was negligence, and was a proximate cause of the collision. It was error for the court not to give the requested issue.

Without discussing it, we also sustain appellant's second point.

Special Issue No. 4 reads: "Bearing in mind the above instructions [which follows], do you find from a preponderance of the evidence that plaintiff, Joe Orsak, as he appproached the M. V. Gonzales truck, gave suitable and audible signs?" The instructions so given by the court, introductory to said Special Issue No. 4, were: "It is the duty of the driver, rider, or operator of a vehicle about to be overtaken and passed to give way to the right in favor of the overtaking vehicle on suitable and audible signal, given by or on behalf of the operator, driver or other person in charge and control of such overtaking vehicle, if such overtaking vehicle be a motor vehicle."

Before the adoption of the Texas Rules of Civil Procedure, it was held that the instruction here complained of was a general instruction, and that it was reversible error to give same when the case was submitted upon special issues. Carmichael v. Harrison, Tex.Civ.App., 165 S.W.2d 510, 511. There were no allegations in appellee's pleadings to the effect that appellant failed to give the right of way to the approaching car, and that such failure was negligence and the proximate cause of the damage. In the absence of any pleading raising the issue, it was clearly an error to give any instruction thereon. Whether it would be reversible error under Rule 277, had the pleading justified an issue on the duty of the automobile to give way for an approaching automobile is not before us. Rule 277, so far as it could be here material reads: "In submitting special issues the court shall submit such explanatory instructions * * * as shall be necessary to enable the jury to properly pass upon and render a verdict on such issues, and in such instances the charge shall not be subject to the objection that it is a general charge."—As given the instructions constituted error.—This brings us to point 4.

We overrule appellant's point 4. The substance of appellant's complaint under this point is that, by his pleading, appellee pled each act of negligence as constituting merely an element of *the* proximate cause of the damage. That consequently, it was error to submit to the jury an issue on whether the failure of appellant to keep a proper lookout was *a* proximate cause of the collision. That under the pleadings the court was required to submit whether all of the acts and omissions pled by appellee as negligence, when taken together constituted *the* proximate cause of the collision. However, the court submitted without any objection on the part of appellant the issue of whether the failure of appellant to keep a proper lookout was *a* proximate cause. If there was a defect in appellee's pleadings to support the submission of the issue, as it was submitted and answered, it was by appellee waived. Rule 90, T.R.C.P. Appellant's point 4 is overruled.

The judgment is reversed, and the cause remanded for a new trial.

Reversed and remanded.