### DUVALL et ux. v. KANSAS CITY LIFE INS. CO. et al.

### No. 1754.

Court of Civil Appeals of Texas. Waco.

Sept. 24, 1936.

W. V. Dunnam, of Waco, for appellants W. H. Duvall and wife.

Hamilton, Lipscomb & Wood, of Dallas, for appellee Kansas City Life Ins. Co.

GALLAGHER, Chief Justice.

Both appellants, W. H. Duvall and wife, and appellee, Kansas City Life Insurance Company, have filed motions for rehearing herein.

This court, at a prior day of this term, in general terms, reversed the judgment of the trial court and remanded the cause for another trial.

Appellee, Kansas City Life Insurance Company, in its cross-action, alleged that appellants Duvall and wife had theretofore, on the 12th day of September, 1930, executed and delivered to it a deed of trust, duly recorded in vol. 5, page 309 of the Deed of Trust Records of Bosque county, on a certain 19½ acres of land situated in said county and described in said deed of trust by metes and bounds, to further secure the indebtedness sued on by it herein. Appellants claimed that said 19½ acres of land described in said deed of trust was at the time the same was executed a part of their homestead, and that the lien attempted to be created by the same was wholly void and unenforceable. Appellants and said appellee, at the trial of this cause, filed a written stipulation reciting that the land described in said deed of trust was at the time of the execution of the same a portion of appellants' homestead, and agreeing that the same might be canceled as a cloud upon appellants' title thereto. The court, in his judgment rendered in this cause, found as a fact that at the time of the execution of said deed of trust the land described therein was a part of the homestead of appellants, and that such instrument was from its inception void and of no effect and constituted a cloud upon appellants' title to said land. Appellee Kansas City Life Insurance Company filed no cross-assignments of error and has in no way attacked the validity of the judgment cancelling said purported lien. Such judgment of cancellation is therefore affirmed. The order of this court reversing the remainder of the judgment of the trial court and remanding the issues involved therein to the district court for another trial is not disturbed, and with such exception, both said motions for rehearing are overruled.