KANSAS CITY LIFE INSURANCE COMPANY V. W. H. DUVALL ET UX.

No. 7181.   Decided March 10, 1937.
Rehearing overruled April 14, 1937.
(104 S. W., 2d Series, 11.)

*Hamilton, Lipscomb & Wood* and *Dexter Hamilton*, all of Dallas, for plaintiff in error, Kansas City Life Insurance Co.

The contract as a whole must be read to determine the intention of the parties thereto, and the second deed of trust, which is part of the contract, containing a provision expressly limiting the maximum recovery as interest to ten per cent., and the evidence being entirely without dispute, the contract could not be usurious. Ætna Life Ins. Co. v. Foster, 66 S. W. (2d) 428; Braniff Inv. Co. v. Robertson, 124 Texas 524, 81 S. W. (2d) 45; Dugan v. Lewis, 79 Texas 246, 14 S. W. 1024.

The notes being taxable only at their domicile, in the absence of proof that they had acquired a business situs in Texas by

reason of their use in conducting some business carried on in Texas by the insurance company, and no such proof having been offered, the contract was free from usury. Great So. Life Ins. Co. v. City of Austin, 112 Texas 1, 243 S. W. 778; Ferris v. Kimble, 75 Texas 476, 12 S. W. 689.

*W. V. Dunnam,* of Waco, for defendants in error, W. H. Duvall et ux.

On proposition that loan contract when looking at all its phases is usurious, plaintiffs cite: Commerce Trust Co. v. Best, 54 S. W. (2d) 1037; Reynolds Mtg. Co. v. Thomas, 61 S. W. (2d) 1011; National Bond & Mtg. Co. v. Mahanay, 70 S. W. (2d) 236.

MR. JUDGE TAYLOR, of the Commission of Appeals, delivered the opinion for the Court.

Defendants in error, Duvall and wife, filed this suit against Kansas City Life Insurance Company and E. E. Clark, Jr., Trustee, plaintiffs in error, to restrain the sale under deed of trust of the land therein described securing the payment of the bonds and notes in question. The injunction was sought on the ground that the loan contract involved is usurious. The trial court granted a temporary injunction restraining the sale during pendency of the suit. The Court of Civil Appeals reversed and remanded the cause. 96 S. W. (2d) 793. Both parties made application for writs of error. That of the company was granted because of the importance of the question, and Duvall's was granted because of the granting of the other. The case was thereupon set for an advanced hearing.

The case involves primarily a question of usury. It is fully and clearly stated in the opinion of the Court of Civil Appeals and need not be restated at length here.

The record facts are not in dispute, hence the construction of the loan contract is a matter of law. There are two deeds of trust which, together with the bonds and notes, constitute the loan contract. The first deed of trust secures the payment of an indebtedness of $17,000, evidenced by five notes or bonds, "hereinafter called 'Bond'." The second secures the payment of five interest notes, "hereinafter called 'Note'." The acceleration clause of the first deed of trust may become operative only in the event of the exercise of the option to accelerate payment of the indebtedness, or a part thereof, secured by that particular instrument and the acceleration clause of the second deed of trust becomes operative only in the event of the exercise of the option to accelerate payment of the indebtedness or a part thereof, secured by that instrument.

The first deed of trust contains a provision relating to the payment of taxes by the holder of the bonds in the event of their assessment while the property of a nonresident of this State, which reads:

"It is specially agreed that if any tax or assessment shall be imposed within the State of Texas upon said bond, or upon the interest of the said Trustee or his successors, or of any holder of said bond, in said premises, or upon the lien of this instrument, or said lien or interest shall be declared to be real estate, and shall as such or otherwise be so taxed or assessed, while said bond or lien is the property of a nonresident of the State of Texas, then the grantor, heirs, legal representatives or assigns shall at once discharge said tax or assessment and neither the said holder of said bond or said Trustee nor his successors shall be liable therefor."

The acceleration clause of the first deed of trust following immediately the foregoing tax clause, reads:

"And it is further specially agreed, that if default be made in payment of said Bond or any one of them, or any interest thereon, or in the performance of any of the covenants or agreements herein contained, *or if any of the taxes or assessments referred to in the last preceding paragraph hereof shall be imposed,* then at the option of the legal holder or holders of said Bond, the whole indebtedness secured hereby shall at once become due, without notice, and may be collected by suit or proceeding hereunder." (Italics ours.)

The question of usury arises by virtue of the terms of the two provisions quoted above.

1  Under the terms of the tax clause the borrowers may be required to pay such assessments of taxes as may be imposed upon the bonds while the property of a nonresident of the State. It is needless to cite numerous authorities in support of the proposition that a nonresident owner, or assignee, of such bonds may establish for them a tax situs in this State. The latest expression of this Court recognizing that such is the established law is to be found in its refusal of an application for writ of error in Texas Land & Cattle Company v. City of Fort Worth, 73 S. W. (2d) 860.

2  It will be observed that under the terms of the tax clause the creditor is authorized to exact of the borrowers the payment of such taxes as may lawfully be imposed upon the bonds in this State, if owned by a nonresident; and that the taxes, upon

the exercise by him of his option to accelerate, together with the interest accrued upon the bonds at such time, may aggregate more than ten per cent. of the principal of the bonds then unpaid. The conclusion is inescapable that this provision of the contract by conferring such power upon the creditor, renders it potentially usurious in the absence of a saving clause.

3   The acceleration provision contained in the second deed of trust, which becomes operative only in the event of default with respect to the small notes secured thereby, has a saving clause against a contingency whereby the creditor could exact of the debtor a usurious payment; but this does not obtain as to the acceleration provision of the first deed of trust. It has no such saving clause and its acceleration provision, which becomes operative only in the event of default with respect to the bonds, is not in any way affected by the saving clause of the second deed of trust.

4   In view of the contention made by plaintiffs in error with respect to the remoteness of the contingency discussed, we desire to add that the question presented is not whether a contract is usurious merely because some contingency could happen under which an unlawful exaction of interest might become possible, regardless of how remote the happening of such contingency might be, and regardless of whether such happening was reasonably in the contemplation of the parties when they made the loan contract.

The happening of the contingency here under consideration depends upon nothing more remote than that a nonresident assignee may establish for the bonds a tax situs in this State. That such a contingency might happen can hardly be said to be so remote as not to have been contemplated by the parties when the contract was made. It is not dependent for its happening upon new legislation or a change in the law that might be made in the future. Its happening was a present possibility of such moment at the time the contract was made that the tax provision was incorporated therein. Its stipulation with respect to whom the burden of payment would rest upon in case the bonds became the property of a nonresident was considered in making the contract; and the exactions provided in connection therewith on behalf of the creditor were clearly within the contemplation of the parties.

5   The judgment of the trial court was reversed and the cause remanded. No other order than that affirming the Court of Civil Appeals' remand judgment can be correctly made here for the reason that the trial court's judgment in favor of plain-

tiffs was rendered in response to their motion therefor upon the jury's finding. They did not seek a peremptory rendition of the judgment either by motion therefor upon the evidence or by motion non obstante veredicto. Furthermore, the contract was made in the light of what amount in the aggregate the parties when they entered into the contract might reasonably have expected the taxes to be for the year the contract was made, and the record does not disclose what the respective bases of assessment and respective rates were for that year and the years immediately preceding, at some place in this State. This is necessary to be shown in order to determine whether the contract is usurious.

We deem it unnecessary to add further to what the able and careful jurist speaking on behalf of the Court of Civil Appeals has stated in its opinion. The only issue necessary to be determined upon another trial upon evidence aliunde the loan contract, is with respect to the extent of the tax burden that might reasonably have been expected by the parties to be imposed on the bonds under the contingency provided in the tax clause.

The judgment of the Court of Civil Appeals is affirmed with instructions.

Opinion adopted by the Supreme Court March 10, 1937.

### ON MOTION FOR REHEARING.

Our opinion upon original hearing in its concluding statement recites affirmance "with instructions" of the judgment of the Court of Civil Appeals. The Duvalls, judging from one of their contentions in their motion for rehearing, appear to have misunderstood the effect of this recitation. The judgment of the Court of Civil Appeals affirms the judgment of the trial court in part and remands in part. The final statement of our opinion would have been more explicit had it stated in terms, as we now do, that the judgment of the trial court is affirmed in part and remanded in part in accordance with judgment of the Court of Civil Appeals rendered upon rehearing. Such, in effect, is the judgment entry upon the minutes of this Court.

The judgment itself of the Court of Civil Appeals was not modified by us in any particular. The instructions for guidance upon another trial are necessarily modified by our holding that the construction of the loan contract as to whether it is usurious, is a matter of law. The opinion of that court does not point out as is here done that it is unnecessary upon another trial for the court to submit to the jury the issues submitted

upon the first trial relating to usurious intentions and knowledge of the payees and assignee.

With respect to one of the contentions of the company made in its motion for rehearing it should be stated that our reference to "plaintiffs'" having had judgment rendered in their favor in response to a motion therefor upon the jury's findings, is erroneous. We should have stated as one of the reasons for not here rendering judgment in favor of plaintiffs, as well as the reason relating to the state of the evidence, that they did not seek a peremptory judgment upon the trial, either by motion for an instructed verdict or by motion non obstante veredicto.

Our conclusions upon original hearing are adhered to, and both motions are overruled.

Opinion adopted by the Supreme Court April 14, 1937.