### DUVALL et ux. v. CLARK et al.
#### No. 2295.

Court of Civil Appeals of Texas. Waco.

Oct. 23, 1941.

On Rehearing Dec. 11, 1941.

Rehearing Denied Feb. 5, 1942.

566

W. V. Dunnam, of Waco and H. C. Stinnett, of Gatesville, for appellants.

Hamilton, Lipscomb, Wood & Swift, of Dallas, for appellees.

TIREY, Justice.

This is a usury suit and is the third appeal to this court. The first appeal is re-

ported in Duvall v. Kansas City Life Ins. Co., 96 S.W.2d 793, opinion on motion for rehearing 104 S.W.2d 10, opinion by Supreme Court, 129 Tex. 287, 104 S.W.2d 11. The second appeal is reported in Kansas City Life Ins. Co. v. Duvall, 129 S.W.2d 770. A comprehensive statement of the facts and the law applicable thereto will be found in the foregoing opinions. The third trial was before the court without a jury and the court found the contract usurious and applied all interest paid to the principal debt and found that Kansas City Life Insurance Company was entitled to recover of W. H. Duvall on its cross-action the sum of $13,405.90, as of the date of judgment, which sum included the unpaid balance on the principal notes, interest at six per cent after maturity, a portion of taxes paid, insurance premiums paid, and attorney's fees, together with legal interest from date of the judgment and foreclosure of deed of trust lien; that 180¾ acres of the tract of 363½ acres involved was homestead at the time the notes and deed of trust were executed and delivered; and decreed that the non-homestead be sold first in satisfaction of the judgment. The trial court made permanent the temporary injunction theretofore issued. in behalf of plaintiffs, enjoining the sale of the property by the trustee under the deed of trust, and adjudged the costs against the defendant Kansas City Life Insurance Company. At the request of plaintiffs (the Duvalls), the trial court made and filed findings of fact (in addition to findings of fact set out in the judgment entered) and conclusions of law. Plaintiffs, Duvall and wife, and defendant Kansas City Life Insurance Company excepted to the judgment entered, and plaintiffs have appealed. Kansas City Life Insurance Company will hereafter be referred to as "appellee."

Appellants' first proposition is: "The act of appellee, Kansas City Life Insurance Company, in changing the face of the interest note after its execution and without the knowledge and consent of the appellants so as to increase the burden of appellants' debt from $900.00 to $930.00 constituted a material alteration of the contract and rendered the same void in toto and all indebtedness under the loan unenforceable, and the trial court erred in failing to so find." We overrule this assignment. The note shows on its face that it was an interest coupon note in the principal sum of $900, representing one year's interest, calculated at the rate of six per cent per annum on the $15,000 note. The amount of the note in figures, "$900.00," was typed in the top left-hand margin; the figures "900.00" had been stricken by running a mark through the same; and a penciled notation of "930.00" was placed in the margin to the right of the "900.00" so stricken. No changes were made in the written words that constituted the body of the note. It is elementary that the written words of an instrument control and prevail over figures. It is well settled that an alteration of an instrument, to have effect, must be a material one. In our opinion, the penciled alteration was a marginal memorandum that did not change the original legal effect of the instrument, and therefore it was not a material alteration. 3 C.J.S., Alteration of Instruments, p. 905, § 4, p. 949, § 33, p. 933, § 29; 2 C.J. 1173; 2 Tex.Jur. 707; Chamberlain v. Wright, Tex.Civ.App., 35 S.W. 707.

Appellee's second cross-assignment of error is: "The burden was upon appellants to prove that under prevailing standards of valuation fixed from year to year and under prevailing rates fixed from year to year, the taxes which might be levied against the notes, when added to the interest contracted for, would cause the amount to exceed ten per cent per annum; and there being no proof of valuation of the notes at any time, there is an absence of any proof of usury, and under the undisputed facts judgment should have been rendered for the full amount of the unpaid principal, interest and attorney's fees." This assignment must be sustained.

We have carefully searched the statement of facts, and we find no proof of the market value of the notes involved in this suit, nor do we find any evidence in the record from which the trial court could infer such market value. But appellants contend that since they "alleged and the proof shows that the notes involved in the suit were credits payable in money (as distinguished from personal property) and taxable as such on the basis of the full value of the same so payable as provided by statute, and since money necessarily has a value of one-hundred cents on the dollar," such notes were taxable as a matter of law on the basis of the face of the notes, and they based such contention on the last paragraph of Art. 7174, Vernon's Ann.Civ.St. We cannot agree with this contention. The first sentence of said paragraph is: "Every credit for a

sum certain, payable either in money or property of any kind, shall be valued at the full value of the same so payable." We think a careful reading of the above Article of the statute in its entirety contemplates that all property shall be assessed for taxes at its "true and full value" notwithstanding the provisions of the statute in the last paragraph thereof. It is true that Art. 7149, Vernon's Ann.Civ.St., same Title, defines, among other things, the terms "money," "credits," and "true and full value," as used in this Title, and defines the term " 'Credits' * * * to mean and include every claim and demand for money or other valuable thing, and every annuity or sum of money receivable at stated periods, due or to become due, and all claims and demands secured by deed or mortgage, due or to become due." But we think that we must also consider Art. 10, sec. 8, Vernon's Ann.Civ.St., which governs the construction of civil statutory enactments, and which provides, in part, as follows: " * * * but the said statutes shall constitute the law of this State respecting the subjects to which they relate; and the provisions thereof shall be liberally construed with a view to effect their objects and to promote justice." Surely, such a strict interpretation of the statute as asserted by appellants does not comply with the liberality of the rule of construction provided by Art. 10, supra. Moreover, such construction violates Art. VIII, sec. 1, of the State Constitution, Vernon's Ann. St., which provides, in part, as follows: "Taxation shall be equal and uniform." Our Supreme Court has laid down the rule that "equality of taxation necessarily depends upon uniformity of assessment." Lively v. Missouri, K. & T. Ry. Co., 102 Tex. 545, 120 S.W. 852, 857. And it is well settled that an assessment at less than actual or market value when uniformly applied is valid. City of El Paso v. Howze, Tex.Civ. App., 248 S.W. 99, par. 4, writ refused. Now it is true that the trial court found "that in the preparation of said loan contracts it was the intention * * * to require the payment by plaintiffs of such taxes as might be assessed by the State of Texas and political subdivisions thereof against said notes as credits on the basis of the value of the sum payable, as provided by Art. 7174 of the Revised Civil Statutes, and that such exactions were made as a condition of the loan"; and that appellee had the right, during the term of the loan, to establish and maintain a situs for the taxation of said notes in the city of Meridian, Waco, or Dallas, and require the rendition and assessment of the notes at their true and full value in money; and further that the rate of tax assessable against said notes and the rate of tax lawfully fixed during the term of the loan in any one of the places aforesaid, together with the interest otherwise provided in the loan contracts, exceeded 10% as a charge for the use by plaintiffs of the sum loaned. However, it is undisputed that no taxes were ever assessed against the notes in question and no primary evidence was offered as to the value of the notes. It is also undisputed that a part of the indebtedness became delinquent on January 1, 1928, and that the remainder of the indebtedness became delinquent as it accrued; that, beginning with the year 1930, appellee had paid taxes accruing against the property to protect its security and had thereafter paid taxes for the years 1931, 1932, 1933, 1934, and 1935, respectively, for the same purpose; and that appellants had failed to pay the fire insurance premiums accruing, as provided for by the contract in suit. We therefore think the undisputed facts precluded the trial court from finding from the facts or from inference or as a matter of law that a basis of assessment of the notes had been shown for the purpose of taxation. " * * * it was incumbent upon debtors to prove facts showing that under its terms [meaning the contract in suit] the interest rate, by reason of tax levies, would at some time during the contractual life of the bond exceed 10 per cent." Robertson v. Connecticut General Life Ins. Co., 134 Tex. 588, 137 S.W.2d 760, points 3, 4, page 765. We think the debtors wholly failed to comply with the above rule. See same case, Tex.Civ.App., 140 S.W.2d 936, point 11, page 942. It necessarily follows that the question of tender was not raised by the evidence, and all propositions relating thereto are overruled. It also follows that the trial court erred in adjudging all costs against appellee. Art. 2056, Vernon's Ann.Civ.St.

Appellee contends that we should reverse and render this cause for the amount due and owing on the notes in suit. We find that we must overrule this contention. Appellee's cross-action specifically alleged that the notes and deed of trust in suit and the balance of the interest due thereon, beginning with January 1, 1929, and itemized the same and alleged "an ag-

gregate amount of principal and interest past due as of October 4, 1937, of $25,714.20." It further alleged a payment of $1,000 made to it by reason of collection of a fire loss for such amount and it was credited on the indebtedness in suit. No other payments were shown by appellee's cross-action except by inference. Appellants did not specifically plead payment as a defense to the cross-action asserted by appellee, as provided in Art. 2014, Vernon's Ann.Civ.St.; Pioneer Bldg. & Loan Ass'n v. Compton, Tex.Civ.App., 138 S.W.2d 884, point 6, page 886; 32 Tex.Jur. 696. However, there is an agreed statement in the record to the effect that the sum of $9,020.36 had been paid on the debt evidenced by the notes in suit. The record shows the dates on which some of the payments were made (including the $1,000 aforesaid), but it does not show the dates on which the greater portion of the admitted payments were made and we cannot determine the amount the appellee is entitled to recover, and for that reason it is necessary to reverse and remand this cause for a new trial.

Appellants contend that since the trial court found that 180¾ acres of the 363½ acres on which the lien was given was homestead, and since the evidence established that said tract was homestead at the time the notes and deed of trust were given, and since the deed of trust and the notes sued on do not affirmatively show that the notes and lien for which they were given in renewal and extension provided for attorney's fees, and since no proof was offered to establish that the original notes contained provision for attorney's fees, the trial court erred in permitting appellee to recover on its cross-action for attorney's fees. Inasmuch as this cause has to be reversed and remanded for a new trial, the decision of this point is not necessary for determination at this time and in all probability the question will not arise again. We therefore express no opinion as to whether or not the point raised is governed by the general rule announced in Amuny v. Seaboard Bank & Trust Co., Tex.Com.App., 23 S.W.2d 287, points 2-3; Roberts v. J. B. Colt Co., Tex.Civ.App., 31 S.W.2d 196, writ dismissed; 6 Tex.Jur. 1031.

We have considered all other assignments of error made by appellants, and each is overruled.

The judgment of the trial court is reversed and the cause is remanded for a new trial.

## On Motion for Rehearing.

Our view is that the law applicable and controlling as to the facts of this case has been previously written, as shown by cases cited in the original opinion. Appellants seek to avoid the terms of the contract in suit, because they assert that it is illegal. The rule is "that he who claims the existence of illegality must prove it." 22 C.J. 149. Appellants contend that they have met this rule by alleging that if the Tax Collectors of Bosque, McLennan, or Dallas county, had assessed notes for taxation for one or more years during the life of the contract in suit, the legal presumption would follow that the Tax Collector in each instance would have assessed the notes in suit at their full face value, as provided for in Article 7174, Revised Civil Statutes; and because of the respective rates proved, the provisions of the contract which made it potentially usurious would have ripened into usury. This contention must fail for two reasons: (1) It is, in effect, basing a presumption upon a presumption; and (2) it strikes down a contract that is presumed to be legal without making any proof whatsoever of its illegality, which violates the above general rule, and is contrary to the express holding of our Supreme Court on the exact point in Robertson v. Connecticut General Life Ins. Co., 134 Tex. 588, 137 S.W.2d 760, points 3, 4, page 765.

Appellee, in its motion for rehearing, has filed a remittitur herein, which remits all of its claim for taxes, insurance and attorney's fees, provided this court will reverse and render judgment for the unpaid balance of the principal in the sum of $16,500, together with interest thereon at the rate of ten per cent per annum (the last note of the series matured January 1, 1933, and the contract provided for interest at ten per cent per annum after maturity), from December 27, 1933, the date of filing suit. This, in our opinion, removes every controversial question involved in this cause, and we think that appellee's motion should be granted. In this connection we think it is pertinent to observe that this court, on the first appeal of this case (1936), said in part [96 S.W.2d 797]: "Appellants will have an opportunity upon another trial to introduce further testimony showing the basis of assessment and respective rates for the year in which the contract was actually made and for the years immediately preceding the same, in the light of which facts the parties may be reason-

ably presumed to have entered into said contract." On motion for rehearing the court said [104 S.W.2d 10]: "The order of this court reversing the remainder of the judgment of the trial court and remanding the issues involved therein to the district court for another trial is not disturbed * * *," and overruled all motions for rehearing. The Supreme Court, in disposing of the first appeal (1937), among other things, said [129 Tex. 287, 104 S. W.2d 13]: "Furthermore, the contract was made in the light of what amount in the aggregate the parties when they entered into the contract might reasonably have expected the taxes to be for the year the contract was made, and the record does not disclose what the respective bases of assessment and respective rates were for that year and the years immediately preceding, at some place in this state. This is necessary to be shown in order to determine whether the contract is usurious." On motion for rehearing the Supreme Court further said: "The judgment itself of the Court of Civil Appeals was not modified by us in any particular. The instructions contained in its opinion for guidance upon another trial are necessarily modified by our holding that the construction of the loan contract as to whether it is usurious is a matter of law. The opinion of that court does not point out, as is here done, that it is unnecessary upon another trial for the court to submit to the jury the issue submitted upon the first trial relating to usurious intentions and knowledge on the part of the payees and assignee of the note." This court on the second appeal (1939), in which it reversed and remanded the cause for new trial, among other things, said [129 S.W.2d 772]: "The controlling ultimate fact issue in this case is usury vel non and the Supreme Court of this state has heretofore laid down the rules applicable to a proper determination of such matter in this cause, and for such reason the other matters complained of by assignments of error herein will most likely not occur on another trial of the case." We have made an examination of the record on the second appeal and find that appellants went to trial on their second amended original petition, which was the same pleading used on the third trial, and that appellants offered no testimony as to prevailing standards of valuation fixed from year to year showing the respective bases of assessment of the notes in suit, and thereby failed to show

that the taxes which might have been levied against the notes in suit, when added to the interest contracted for, would cause the interest exacted to exceed the legal rate of ten per cent per annum upon the amount of the notes in suit. Appellants likewise failed to carry the burden imposed upon them to make the above proof on the third trial. The holding of this court on the first appeal and the instructions therein given for another trial, as modified and approved by the opinion of the Supreme Court, were fully and clearly stated. Appellants have enjoyed the continued use, possession and benefits of the land in controversy during the course of the litigation, which has now extended over a period of approximately eight years, without paying any of the principal or interest on their loan and without paying any taxes, the appellee having been forced to pay taxes on the property beginning with the year 1930 to protect its security. This cause has been tried twice since the law applicable and controlling in this case was announced and appellants have wholly failed to make any proof as to the bases of assessments of said notes, and it has not been made to appear that the trial court in any of the trials interfered with or hindered appellants in the development of their case. Since appellants have been afforded ample opportunity to develop fully their case under the instructions heretofore given in the prior appeals, we are firmly of the opinion that the ends of justice require that this litigation be ended. Dunn v. Taylor, Tex.Civ.App., 147 S. W. 287, affirmed 108 Tex. 337, 193 S.W. 663; 3 Tex.Jur. 1239, sec. 865.

It is therefore ordered that the judgment of this court heretofore entered, reversing and remanding this cause for new trial, be set aside, and that this cause be reversed and judgment here rendered in favor of appellee, Kansas City Life Insurance Company, against the appellant, W. H. Duvall, for the sum of $25,504.04, being the amount of principal and interest due (by virtue of the remittitur filed herein and the undisputed record that $500 had been paid on the principal and that a fire loss of $1,000 had been collected by appellee on October 17, 1939, and had been credited on the debt as of that date), together with interest on said sum from December 18, 1939 (the date the judgment was rendered in the trial court), until paid at the rate of ten per cent per annum, together with costs, and for foreclosure of deed of trust lien against

Duvall and wife on the property described in the trial court's judgment, and for foreclosure sale as provided in sections 7, 8, and 9 of said judgment, and that the purchaser at said sale be placed in possession as provided in section 10 thereof; and the judgment of the trial court is reversed and judgment is here rendered as herein provided.

The action of this court on appellants' motion for rehearing is hereby held in abeyance, and appellants are hereby allowed the usual fifteen days in which to file a second or amended motion for rehearing, as they may elect so to do.

RICE, Chief Justice (dissenting on rehearing).

From the record before us, it is evident that this case was tried upon an erroneous theory of the law, resulting in the rendition by the trial court of a judgment in favor of plaintiffs and against defendant to the effect that the notes in question were potentially usurious. This judgment was erroneous because, as stated in the original opinion of this court on this appeal, there was no evidence in the record on which the trial court could correctly predicate a finding as to the value of the notes or that a basis of assessment thereof for the purpose of taxation had been shown. However, it is apparent from the trial court's findings that the latter was of the opinion that the basis of assessment for taxes of the notes under attack had been established by the introduction in evidence of these notes, together with the presumption (1) that such notes, in the absence of proof to the contrary, were worth the amount of their face value, and (2) the further presumption that if the occasion should arise, the assessor of taxes would assess the same as credits for the full value of the same so payable, as provided by Article 7174, R.C.S. In reaching these conclusions, it is apparent that the trial court (as well as plaintiffs' attorney) misinterpreted the rules of law applicable to the facts of this case as laid down by this court and the Supreme Court on prior appeals. See Duvall v. Kansas City Life Ins. Co., 96 S.W.2d 793; Id., 104 S.W.2d 10; Kansas City Life Ins. Co. v. Duvall, 129 Tex. 287, 104 S.W.2d 11; Id., 129 S.W. 2d 770. This misunderstanding of the meaning of and effect to be given to the opinions above cited caused the trial court to render an erroneous judgment, and was likewise the cause of plaintiffs' case not being fully developed.

I cannot say that plaintiffs can not and will not, if given the opportunity, produce on another trial legal evidence sufficient to discharge the burden imposed upon them by law. It seems to me that plaintiffs' cause of action should not be foreclosed by a rendition of the judgment, but the ends of justice would be best served by affording plaintiffs another opportunity to establish by competent evidence their allegations of usury, aided by and in conformity with the applicable rules of law announced by the above cited authorities, and by this court in its original opinion in this appeal.

These conclusions, arrived at after a careful search of the record in this appeal, and in the second appeal of this case, are, I believe, supported by the case of Richards v. Rule, Tex.Com.App., 207 S.W. 912, 914, wherein Judge Taylor said: "The purpose of the litigation is to correctly determine the issues raised, and, while a speedy disposition of the case is desirable, the number of times it has been tried should not be given any weight in its decision under the circumstances disclosed by the record, and so long as the vital issue is in doubt." Further support is found in the case of Paris & G. N. Ry. Co. v. Robinson, 104 Tex. 482, 140 S.W. 434, 439, wherein Judge Dibrell said: "* * * as long as there is a probability that a case has for any reason not been fully developed, this court will not render judgment on the insufficiency of the evidence. In other words, it must be apparent to the court that the case has been fully developed, and that there is no probability that any other evidence can be secured before it will render judgment."

For the reasons expressed, I cannot agree to the disposition of this cause as made in the majority opinion of this court on rehearing.