

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

May 26, 1958

Hon. Boyd Newman
County Attorney
Grayson County
Sherman, Texas

Dear Mr. Newman:

Opinion No. WW-439

Re: Proper method of
taxing assets of a
bank under sub-
mitted facts.

We quote the following excerpt from your letter re-
questing the opinion of this office on the above-captioned
matters:

". . . it appears that real estate upon which
houses have been constructed since World War II
have been assessed at 35% of its value, whereas
all houses constructed before such time and all
personal property in the county have been as-
sessed at 60% of its value.

"It is further our understanding that the tax
assessor has been assessing banks using a
standard of 60% of capital stock, surplus,
and undivided profits, and that the reserve
for contingency funds has not been taxed. Fur-
ther the tax assessor is assessing banks at
60% of its capital structure, regardless of
whether the same is for value of bank stock
or real estate except that the reserve for
contingency funds is not included in the eval-
uation."

You have furnished us a copy of your opinion to the
County Judge with regard to these matters. You point out
that Article 7166, Vernon's Civil Statutes, contains the
following provision:

". . . Each share in such bank shall be taxed
only for the difference between its actual cash
value and the proportionate amount per share
at which its real estate is assessed. . . ."

You state that in determining the value of bank
stock, the assessment should be based upon the fair
cash market value of the stock, Article 7149 and 7174,

V.C.S.,[1] and that such stock value would be the market value of the stock rather than the value that would be obtained by adding the value of the capital stock, the amount of surplus, undivided profits or reserve funds and dividing this by the number of shares of stock. We concur in this view.

---

[1] Article 7149 reads in part as follows:

". . .

"'Value.'--the term, 'true and full value,' wherever used shall be held to mean the fair market value, in cash, at the place where the property to which the term is applied shall be at the time of assessment, being the price which could be obtained therefor at private sale, and not at forced or auction sale."

Article 7174 reads in part as follows:

". . .

"In determining the true and full value of real and personal property the assessor shall not adopt a lower or different standard of value because the same is to serve as a basis of taxation, nor shall he adopt as a criterion of value the price for which such property would sell at auction or a forced sale or in the aggregate with all the property in his county; but he shall value each tract or lot by itself, and at such sum and price as he believes the same to be fairly worth in money at the time such assessment is made."

It has been held that there is no substantial difference in the terms (1) market value, (2) fair market value, (3) cash market value, (4) fair cash market value and (5) reasonable cash market value as these terms are used in the various Constitutional and statutory provisions pertaining to value for the assessment of taxes. West Texas Hotel Co. v. City of El Paso, 83 S.W. 2d 772 (Tex. Civ. App., 1935, error dism.).

It has been uniformly held by the courts that although the law contemplates that all property in a county may be assessed at 100% of its fair cash market value, Sec. 20, Art. VIII, Tex. Const.; still there is no objection where a lesser percentage is uniformly applied to all property, both real and personal, since the equality and uniformity of taxation required by Section 1 of Article VIII of the Texas Constitution has been accorded. City of El Paso et al v. Howze, 248 S.W. 99 (Tex. Civ. App. 1923, error ref.). Duvall v. Clark, 158 S.W. 2d 565 (Tex. Civ. App., 1942, error ref. w.o.m.).

Therefore, if the county is assessing property for taxation at 60% of its actual cash value, 60% of the value of the bank stock less 60% of the proportionate amount per share of the value of the real estate owned by the bank equals the value at which the bank stock should be assessed.

## SUMMARY

In determining the value of bank stock for county ad valorem taxes, the assessment should be based upon the actual cash value of the stock less the value of the proportionate amount per·share·of·the·real estate owned by the bank. If an evaluation of less than 100% is used, the smaller percentage must be equally and uniformly applied to all taxpayers and all property, both real and personal, within the county.

Very truly yours,

WILL WILSON
Attorney General of Texas

By *Marietta McGregor Payne*

Marietta McGregor Payne
Assistant

APPROVED:

OPINION COMMITTEE:

George P. Blackburn, Chairman

Wallace Finfrock
Riley Eugene Fletcher
Tom I. McFarling

REVIEWED FOR THE ATTORNEY GENERAL

By: W. V. Geppert