

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 21, 1959

Honorable Burney Walker
Criminal District Attorney
McLennan County
Waco, Texas

Opinion No. WW-687

Re: Proper method of taxing
bank stock under sub-
mitted facts.

Dear Mr. Walker:

You have requested that we advise you on the
following question:

"If a national bank does not include the
market value of its real estate in ascertaining
the value of the assets of said bank for pur-
poses of the annual statement of assets, should
they be allowed to deduct the assessed value of
said real estate from the assets when arriving
at the value of the bank stock for determining
tax liability?"

In City of Abilene v. Meek, 311 S.W.2d 654 (Tex.Civ.
App. 1958, error ref.), the court was concerned with the
meaning of Article 7166, Vernon's Civil Statutes, which reads
in part as follows:

"Every banking corporation, State or national,
doing business in this State shall, in the city
or town in which it is located, render its real
estate to the tax assessor at the time and in the
manner required of individuals. At the time of
making such rendition the president or some other
officer of said bank shall file with said asses-
sor a sworn statement showing the number and
amount of the shares of said bank, the name and
residence of each shareholder, and the number and
amount of shares owned by him. Every shareholder
of said bank shall, in the city or town where
said bank is located, render at their actual value
to the tax assessor all shares owned by him in
such bank; and in case of his failure so to do,
the assessor shall assess such unrendered shares
as other unrendered property. Each share in such
bank shall be taxed only for the difference be-
tween its actual cash value and the proportionate
amount per share at which its real estate is

assessed. . . . . Nothing herein shall be so construed as to tax national or State banks, or the shareholders thereof, at a greater rate than is assessed against other moneyed capital in the hands of individuals." (Emphasis supplied.)

The court stated that the statute was plain and unambiguous and that each share should be taxed only for the difference between its actual cash value and the proportionate amount per share at which its real estate was assessed. In determining the value of the real estate, the city was required to accept its own assessed value thereof rather than the value as shown in the statement of the condition of the bank filed with the Comptroller.

In Opinion No. WW-439, this office held that in determining the value of bank stock the assessment should be based upon the fair cash market value of the stock rather than the value that would be obtained by adding the value of the capital stock, the amount of surplus, undivided profits or reserve funds and dividing this by the number of shares of stock. Articles 7149 and 7174, V.C.S., deal with valuation and read, respectively, in part as follows:

". . .

"'Value.'--the term, 'true and full value,' wherever used shall be held to mean the fair market value, in cash, at the place where the property to which the term is applied shall be at the time of assessment, being the price which could be obtained therefor at private sale, and not at forced or auction sale."

". . .

"In determining the true and full value of real and personal property the assessor shall not adopt a lower or different standard of value because the same is to serve as a basis of taxation, nor shall he adopt as a criterion of value the price for which such property would sell at auction or a forced sale or in the aggregate with all the property in his county; but he shall value each tract or lot by itself, and at such sum and price as he believes the same to be fairly worth in money at the time such assessment is made."

It has been held that there is no substantial difference in the terms (1) market value, (2) fair market value, (3) cash market value, (4) fair cash market value and (5) reasonable cash market value as these terms are used in the various constitutional and statutory provisions pertaining to value for the assessment of taxes. West Texas Hotel Co. v. City of El Paso, 83 S.W.2d 772 (Tex.Civ. App. 1935, error dism.).

Section 20 of Article VIII of the Texas Constitution contemplates that all property in a county may be assessed at 100% of its fair cash market value; it has been uniformly held by the courts that a lesser percentage may be used where such percentage is uniformly applied to all property, both real and personal. This for the reason that the equality and uniformity of taxation required by Section 1 of Article VIII of the Constitution has been satisfied. City of El Paso et al v. Howze, 248 S.W. 99 (Tex.Civ.App. 1923, error ref.). Duvall v. Clark, 158 S.W.2d 565 (Tex. Civ.App. 1942, error ref., w.o.m.).

You are therefore advised that the assessment of the tax on the bank stock should be based upon the actual cash value of such stock less the proportionate amount per share of the actual cash value of the real estate owned by the bank. If an evaluation of less than 100% is used for some of the property within the county, it must be equally and uniformly applied to all taxpayers and property within the county.

## SUMMARY

The assessment for ad valorem tax purposes of bank stock should be based upon the actual cash value of such stock less the proportionate amount per share of the actual cash value of the real estate owned by the bank. If an evaluation of less than 100% is used for some of the property within the county, it must be equally and uniformly applied to all taxpayers and property within the county.

Very truly yours,

WILL WILSON
Attorney General

By _Marietta McGregor Payne_
Marietta McGregor Payne
Assistant

MMP:bct

APPROVED:

OPINION COMMITTEE:
Geo. P. Blackburn, Chairman

C. K. Richards
J. Arthur Sandlin
Howard Mays

REVIEWED FOR THE ATTORNEY GENERAL
By:  W. V. Geppert