

# THE ATTORNEY GENERAL
# OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

March 12, 1965

Honorable David Ratliff, Chairman
Senate Committee on Counties, Cities
  and Towns
Capitol Station
Austin, Texas

Opinion No. C-402

Re: Constitutionality of Senate
Bill 209

Dear Senator Ratliff:

You have requested our opinion concerning the constitutionality of Senate Bill 209, and in connection with such request, have posed the following questions:

"1. Is it constitutional to require the County Tax Assessor-Collector of Bexar County to assess taxes for the Bexar County Hospital District at a greater value than that assessed for County and State purposes?...

"2. Can the bill set forth Bexar County by name, or must it be a population bracket bill to satisfy constitutional requirements?"

By supplemental letter of March 9, 1965, you state:

"With regard to the request made to you by this committee on February 10, 1965, the committee wishes to amend that request to include the following question:

"1.   If there is a serious question about the constitutionality of Senate Bill 209 as proposed and introduced, how could the bill be amended or redrafted so as to accomplish its purpose in a constitutional manner?

"We would appreciate your preparing such a revision to conform to your recommendations if necessary.

"Also the committee would like to delete from our original request the question asked in Item No. 2."

After having two committee meetings on the constitutionality of Senate Bill 209, it is our opinion that there is a very serious question about the constitutionality of said Bill.  As drawn, the Bill will only apply to Bexar County and appears to be a special law in violation of Section 56 of Article III of the Constitution of Texas.  Further, the Bill provides for the County Tax Assessor-Collector to assess property in Bexar County at a greater valuation for hospital purpose than that assessed for state and county purposes.  See Attorney General's Opinion O-5426 (1943) which holds inter alia, that:

"The said oaths by which he /the County Assessor and Collector of Taxes/ is bound and which have been set out in this opinion, do not set up one standard of value to be followed by him in making his assessments for school districts and another and different standard of value to be set up by him in making assessments for county and state purposes."

The Constitution and Statutes of this State require uniformity of assessment of real and personal property at full cash market value, but the courts have held that assessments at a lower percentage of market value are valid if equally and

uniformly applied to all taxable property.  Therefore, the taxing authority may require all property to be assessed at 100% market value or any fraction thereof equally and uniformly applied.  Lively v. Missouri Kansas Texas Railway Company of Texas, 120 S.W. 852(Supreme Court 1909); Duvall v. Clark, 158 S.W.(2d) 565 (Tex. Civ. App. 1909 error ref.); City of El Paso v. Howze, 248 S.W. 99 (Tex. Civ. App. 1923, error ref.); Texas Constitution, Article VIII, Sections 1, 11 and 20; Vernon's Civil Statutes, Articles 7149, 7174, 7211, 7218, 7219, 7222 and 7224.

Pursuant to your request, we have prepared a suggested revision of Senate Bill 209, which, in our opinion, is constitutional.

Very truly yours,

WAGGONER CARR
Attorney General

By: W. V. Geppert
W. V. Geppert
Assistant Attorney General

WVG:me

APPROVED:
OPINION COMMITTEE
Roger Tyler, Chairman

Mary K. Wall
W. E. Allen
Marietta McGregor Payne

APPROVED FOR THE ATTORNEY GENERAL
BY: Stanton Stone